———O———

ST. LOUIS TOW COMPANY, Respondent vs. THE ORPHANS BENE-FIT INSURANCE COMPANY OF ST. LOUIS, Appellant.

1. *Practice civil—Trials—Pleading—Confession and avoidance—Burden of proof.* The burden of proof is on a defendant who in his answer confesses and avoids the allegations of the petition.

### Appeal from Wayne Circuit Court.

*Stewart & Wieting*, for Appellant.

No cause of action was stated in the petition.

*Henry D. Laughlin*, for Respondent.

The respondent was entitled to the instruction asked for.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff, as assignee of Hackett & Ackle, commenced this action to recover the amount of a policy of insurance,

made by the defendant on a quantity of cement, which was being transported from the Ohio River to St. Louis. The cement was greatly injured, while in the process of being loaded on a barge lying at New Albany. The answer of the defendant admitted the facts set forth in the petition, but alleged new and independent matters of defense. To these defences there was a replication filed. At the trial, as the defendant took upon itself the *onus* or burden of proof, it claimed the right to open and close the case. This right was awarded to it by the Court.

Upon the conclusion of the testimony the plaintiff asked the Court to instruct the Jury; that it was admitted in the case, that the plaintiff had a *prima facie* right to recover, and that the verdict ought to be for the plaintiff, for the amount claimed, unless defendant had made out some legal defense, to the satisfaction of the jury.

This instruction the Court refused, and then in its second instruction, given at defendants instance, it cast the burden on the plaintiff of proving, that the affirmative allegations set up in the answer, were not true. This was really its effect. The verdict was for the defendant. The case was then taken to General Term, where the ruling at Special Term was reversed, and defendant appealed.

The ruling of the Court at Special Term was unquestionably wrong.

When the defendant admitted the cause of action as stated in the petition, by not denying any of its allegations, it confessed that the plaintiff had a good case, and it undertook to avoid it, by making averments which would destroy the *prima facie* case set out in the petition. These averments it devolved on defendant to prove. It assumed the attitude of a plaintiff, opened and closed the case, and undertook to establish the independent matter set up. Unless it satisfied the jury by its proof that its allegations were true, the plaintiff was certainly entitled to a verdict. After the plaintiff's case was admitted by the pleadings, the Court at Special Term still required it to prove up its case, and to show further that it had done nothing that would impair or vitiate the policy.

The Judgment at General Term ought to be affirmed. The other Judges concur.

52  531
41a 405

52  531
121 248
57a 119

52  531
84a 303

52  531
167 399

———o———