J. T. GAIBOUT ET AL., Respondents, v. W. J. CLARK, Appellant.

St. Louis Court of Appeals, February 1, 1887.

1. VENDOR AND VENDEE — EXECUTORY CONTRACT OF SALE. — The vendee in an executory contract of sale may rightfully refuse to consummate the contract where the property tendered is materially different from the property sold.

2. ——— BREACH OF CONTRACT — MEASURE OF DAMAGES. — The measure of damages for a breach, by the vendee, of a contract of sale is the difference between the contract price and the market value of the property.

3. ——— A judgment, in such an action, for the contract price, is erroneous, as a matter of law, where the property remains in the vendor's possession.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Reversed and remanded.*

COLLINS & JAMISON, for the appellant.

R. H. KERN, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs and the defendant entered into a contract of sale, evidenced by the following memorandum :

"St. Louis, May 26, 1885.

"J. T. Gaibout and T. J. Woodward.

"I propose to purchase your two-thirds interest in the business known as the 'Union Mercantile Agency' (formerly Merchants' Mutual Protection and Collection Association) of the city of St. Louis, Mo., including all books, blanks, office furniture, contracts, good will of the

business, office lease and insurance policies, and, in fact, your entire interests and control in said business, for which I will agree to pay you two thousand dollars; the bill of sale to be executed, and immediate possession of office and all property named above, given me upon payment of said money, which shall be on or before June 10, 1885. The above amount shall be in full, and all liabilities, if any there be, shall be fully paid and satisfied by you. Money to be paid, $1,000 to each; that is, $1,000 to said Gaibout, and $1,000 to said Woodward.

"W. J. CLARK.

"In consideration of one dollar, to us in hand paid, we hereby accept the above proposition.

"JULES T. GAIBOUT,
"TYRON J. WOODWARD.

"I hereby consent to said transfer of interests.
"H. C. SAILORS."

The defendant refusing to consummate the purchase, the plaintiffs brought this action for the recovery of damages caused to them by the breach of the contract, and, upon a trial had before the court sitting as a jury, recovered a judgment for two thousand dollars.

There was evidence tending to show that, immediately preceding the signing of this memorandum, the plaintiffs made representations to the defendant, touching the condition of the business, its assets, liabilities, and profitable character. That the facts represented were peculiarly within the knowledge of the plaintiffs, and formed a material inducement to the defendant's entering into the contract. That the defendant was a non-resident of the state, had no opportunity to verify these statements and relied upon them as true, when, in point of fact, they were false.

These facts, and the further fact that the liabilities of the business were not paid by the plaintiffs, prior to the time when the defendant refused to consummate

the purchase, but that, on the contrary, within thirty days after the signing of the memorandum, the plaintiffs made an assignment for the benefit of their creditors, were relied on as defences in the defendant's answer.

There was no legal evidence tending to show the extent of the plaintiffs' damages, by the alleged breach of contract on the defendant's part, and the judgment would have to be reversed on that ground alone, even if no other errors had supervened in the trial of the cause. *Rickey v. TenBroeck*, 63 Mo. 563, 567. There are other errors, however, equally fatal to the recovery.

The defendant asked a number of instructions, predicated upon the evidence above detailed, and telling the jury in substance that if the representations mentioned, alleged to have been made by the plaintiffs in regard to the assets of the business, were false, and the defendant signed the memorandum, relying upon such representations being true, then the plaintiffs could not recover. All these instructions were refused by the court, and no instructions at all were given.

This was manifest error. If the contract had been executed by delivery, the defendant could have relied upon such representations as a warranty, and recovered from the plaintiffs damages, if any, caused by its breach. *Smithers v. Bircher*, 2 Mo. App. 499 ; *Carter v. Black*, 46 Mo. 384. While the contract remained executory, the defendant was neither bound to take, nor liable to pay for, property, which, if the facts relied on in defence are true, was wholly different from the property he offered to buy. Benj. on Sales, sects. 1345, 1346.

The judgment is reversed and the cause remanded. All the judges concur.