HENRY GAUS AND SONS MANUFACTURING COMPANY,
Respondent, v. MAGEE, LATTIMORE AND LA BERGE
MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, November 25, 1890.

1.  **Practice, Trial**: ORDER OF PROOF. The party, upon whom the
    burden of proof lies in the first instance, is entitled to open and
    close. Where two actions between the same parties, and involv-
    ing the same transaction, are consolidated by consent, and the
    burden of proof is not upon the same party in both, it is discre-
    tionary with the court to award the opening and close of the con-
    solidated case to either party.

2.  **Sales**: RIGHTS OF VENDEE. As long as a contract of sale remains
    executory, the vendee is not bound to accept a chattel which is
    different from the article sold, whether the difference be one in
    kind, quantity or quality. The vendee has a right to reject such a
    chattel, when tendered, and he has a reasonable time for examin-
    ation, and for the exercise of this right. After acceptance by the
    vendee, he has still the right to sue for breach of warranty, or to
    recoup for damages when sued for the purchase money, but his
    right to reject the chattel altogether is gone.

3.  ———: ———: LAW AND FACT. What length of time is reasona-
    ble for the exercise by the vendee of his right to reject an article
    delivered by the vendor, but not in conformity with the contract
    of sale, depends upon the facts of each individual case, and the
    facilities for examination. The retention and use of the article by
    the vendee does not, under all circumstances, constitute an accept-
    ance, but may be explained in order to avoid a legal presumption
    of acceptance, which might otherwise ensue.

4.  **Practice, Trial**: UNCERTAINTY OF PLEADING. If a petition be so
    framed as to support either a claim of the refusal to accept a
    chattel sold, or a claim for a breach of warranty, and no motion is
    filed to require the petition to be made more definite and certain,
    the trial court cannot be put in the wrong for submitting to the
    jury either theory warranted by the evidence ; but the case must
    be properly submitted upon the theory adopted.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED

*Taylor & Pollard,* for appellant.

(1) The petition in Gaus Company *vs.* Magee Company simply states a cause of action for breach of warranty, and prays the recovery of damages arising therefrom. It states no allegation of fraud. It claims no rescission of the contract. It seeks to recover damages, direct and consequential, arising from an alleged breach of warranty. This being so, the rule for estimating damages is not the amount paid by the purchaser, where he receives and uses the thing sold ( as in the case at bar ), but the difference in the value of the machine in the condition received, and its value if it had been as warranted. *Martin v. Maxwell,* 18 Mo. App. 176 ; *Brown v. Weldon,* 27 Mo. App. 266 ; *Anslyn v. Frank,* 8 Mo. App. 242 ; 2 Sutherland on Damages, 422 ; Sedgwick on Meas. of Dam. [ 5 Ed.] 324 ; Benjamin on Sales [ 3 Am. Ed.] sec. 903, and notes. ( 2 ) The court erred in refusing to allow Mr. Lattimore to testify as to the value of the machine in question, assuming it had the defects specified by the Gaus Company's witness, and, therefore, came short of the alleged warranty. (3) In an action on a contract of sale to recover the purchase money for breach of warranty, the burden is not on the vendor to show fulfillment of the warranty, but on the vendee to show a breach thereof, if he alleges it. *Branson v. Turner,* 77 Mo. 489 ; 1 Greenleaf on Ev. [ 11 Ed.] sec. 74. ( 4 ) In the case at bar, the court gave the Gaus Company the affirmative, and then, in violation of law, put the burden of proof on the Magee Company. This was wrong ; the laboring oar should have been on the Gaus Company as it was given the opening and closing of the case. *Carson v. Porter,* 22 Mo. App. 185 ; *Bates v. Forcht,* 89 Mo. 128 ; *LaFayette v. Metcalf,* 29 Mo. App. 396, and cases cited.

*Mills & Flitcraft*, for respondent.

ROMBAUER, P. J.—This record brings up two actions, which were consolidated and tried as one case. The respondent is a manufacturer of doors, sash and blinds, and the appellant a manufacturer of machinery. In June, 1888, the appellant offered to construct and sell to the respondent a planing machine for the sum of eleven hundred dollars. Upon the appellant's representations, made at the time, that the machine would perform certain work, the offer was accepted. The offer and its acceptance were oral. The machine was delivered to the respondent in September, 1888, and continued in its possession from that time on, being in actual use from October until the month of June following, with several intermissions caused by necessary repairs. After the machine was constructed and seen by the respondent's manager, but before it was run, the appellant applied for money, and the respondent gave to it its negotiable, promissory note for six hundred dollars, taking in return the following receipt :

"Received of H. Gaus and Sons Manufacturing Company, sixty-day note for six hundred dollars as a loan, secured by planer, there being no claim whatever against machine."

One month after the machine had been in operation at the respondent's factory, and at a time when the six-hundred-dollar note had matured and had been paid, the respondent gave to appellant another note of four hundred dollars also payable in sixty days. No receipt treating this note as a loan was then taken, and the appellant credited the one thousand dollars, thus received, on account of the purchase money. Upon the respondent's failure to pay the balance thereafter, the appellant in June, 1889, instituted suit before a justice of the peace to recover the one hundred dollars still claimed to be due on the account, and respondent

brought a cross-action in the circuit court to recover fourteen hundred and fifty dollars for damages alleged to have been caused to it by the appellant's failure to deliver a machine as contracted for.    These are the two actions consolidated as above mentioned and tried as one case, the trial resulting in favor of the respondent on both claims.

The appellant assigns for error, "that the court erred in first awarding the opening and close to the respondent, and yet putting the burden of proof upon the appellant ; that it erred in rejecting the testimony of a witness as to the value of the machine as furnished, and erred in its instructions to the jury."

The petition in the cross-action states that "the defendant represented and guaranteed to plaintiff that said machine would plane any lumber up to six inches thick and twenty inches ( wide ), and that the machine would plane lumber at the rate of from sixty to eighty lineal feet per minute ; that the machine was to plane both edges and both sides of the lumber at the same time, and that the machine should have side heads and be a complete machine, and that it would run at the rate of five thousand revolutions per minute ; " and that the machine was bought in reliance upon such representations.    The petition then goes on to state that the machine delivered failed to comply with any of these particulars ; that plaintiff gave to the defendants its negotiable notes for one thousand dollars ; that, during the time said notes were running, the defendant kept continually working on said machine in order to make it conform with the guaranties and representations made, and assured the plaintiff that the machine would still be made to conform to the guaranties and representations made, and that only on such assurances was the sum of one thousand dollars paid.

The petition then states that the machine was constructed in such an imperfect manner that it became

and is utterly worthless to plaintiff for the purposes for which it was bought, and the work which the defendant guaranteed and represented that it would do, and that plaintiff is damaged *by the breach of the guaranties and representations aforesaid* in the sum of one thousand dollars so paid.

The petition also claims other damages, which it is not necessary to mention, as no question arises on the record in regard to that part.

The answer is a general denial.

There is no merit in the complaint that the court erred in awarding the opening and close to the respondent. The respondent averred in its petition that the appellant sold to it a machine with guaranties of its quality, and failed to perform such contract, and the answer to such petition is a general denial. As the answer denied everything, it was incumbent upon the respondent to prove the contract, its breach and damages. The party, upon whom the burden of proof lies in the first instance, is entitled to open and close. *Porter v. Jones*, 52 Mo. 399. Where two actions involving the same transaction are consolidated by consent, the plaintiff in one being the defendant in the other, and the burden of proof rests with different parties in the two actions, the necessity of the case renders it discretionary with the court to award the opening and close in the consolidated case to either party.

The court at the request of the respondent gave the following instruction:

"The court instructs the jury that there are two questions to be tried in this action: *First*, whether or not the Magee, Lattimore and LaBerge Manufacturing Company entered into a contract in August, 1888, with the Henry Gaus and Sons Manufacturing Company, whereby the Magee, Lattimore and LaBerge Manufacturing Company agreed to sell Gaus and Sons Manufacturing Company for the sum of eleven hundred

dollars a certain planing machine, which the Magee, Lattimore and LaBerge Manufacturing Company guaranteed and represented to Gaus and Sons Manufacturing Company would plane any lumber up to six inches thick and twenty-six inches wide at the rate of from sixty to eighty lineal feet per minute, and would plane both edges and both sides. at the same time, and that the machine should be complete and should run at the rate of five thousand revolutions per minute, and that Gaus and Sons Manufacturing Company, relying on the guaranties and representations, ordered said machine, and gave notes to the amount of one thousand dollars, which notes it subsequently paid, and that said machine was defective and worthless, and did not come up to the guaranties and representations before stated.    Now, if the jury shall believe in reference to this first question that the parties contracted in manner aforesaid, and that the machine would not plane both edges or both sides of the timber at the same time, and the machine was not complete, and would not run at the rate of five thousand revolutions per minute, or that the machine, when being properly cared for, became so heated that the number of revolutions per minute had to be reduced until it was very much below five thousand revolutions per minute, then the jury are instructed that the Magee, Lattimore and LaBerge Manufacturing Company are not entitled to recover on their claim against Gaus and Sons Manufacturing Company for the balance of the purchase price, and that Gaus and Sons Manufacturing Company are entitled to recover from the Magee and Lattimore Manufacturing Company the amount of money paid by them for the planing machine, if the jury find that the contract or agreement, so above propounded in relation to said machine, was not fulfilled by the Magee, Lattimore and LaBerge Manufacturing Company.''

This instruction is complained of as laying down an erroneous rule of damages.    The appellant asserts

that the petition seeks a recovery as for a breach of warranty in the sale of a chattel, and that the respondent's measure of damages, even if the warranty and its breach are found by the jury, is only the difference in value between the article delivered and accepted, and its value if it had complied with the warranties made. The respondent on the other hand contends that, under the facts of the case, although the words, guaranty and representation, are used in the instruction, these terms must be considered as conditions precedent, and hence, if the machine was not such, as required by such conditions, the appellant could not recover any part of the purchase money, and, *e converso,* the respondent could recover so much of the purchase money as had already been paid.

The rule is well settled that, as long as contracts of sale remain executory, the vendee is not bound to accept a chattel, which is different from the chattel sold, whether the difference be one in kind, quantity or quality. *Gaibout v. Clark,* 24 Mo. App. 426 ; *Calhoun v. Paule,* 26 Mo. App. 274 ; *Hawkins v. Pemberton,* 51 N. Y. 198 ; *Pope v. Allis,* 115 U. S. 363. In the case last cited Justice Wood supports with numerous authorities the following proposition : "When the subject-matter of a sale is not in existence, or not ascertained at the time of the contract, an undertaking that it shall, when existing or ascertained, possess certain qualities is not a mere warranty, but a condition, the performance of which is precedent to any obligation upon the vendee under the contract ; because the existence of those qualities, being part of the description of the thing sold, becomes essential to its identity, and the vendee cannot be obliged to receive and pay for a thing different from that for which he contracted." This language was used in reference to a lot of iron, which the defendant had *refused to receive,* as not being of the grade required by the contract.

The principle thus announced, however, applies only to contracts which are still executory, and not to those which are fully executed by delivery and acceptance. *Acceptance*, as used in this connection, must not be confounded on the one hand with mere delivery, nor on the other with that full and unconditional acceptance which implies a waiver of all defects. The vendee has in all cases a right to reject the chattel when tendered, if it does not comply with the chattel sold to him, and, after delivery, he has a reasonable time for examination, during which he may exercise the right. What will be a reasonable time depends upon the facts of each individual case, and the facilities for examination. If, after the lapse of such reasonable time, the vendee fails to notify the vendor that he rejects the chattel, his action amounts to a qualified acceptance. He still retains the right to sue for a breach of warranty in the sale, or to recoup for damages when sued for the purchase money, but his right to reject the chattel altogether is gone.

Now the respondent's petition in this case does not state that it rejected the chattel, because it did not conform with contract guaranties, nor does it state that it accepted the chattel and sues for breach of the warranties in the sale. The petition seems to occupy an undefined, middle ground, so as to enable the defendant to go to the jury on either theory. As no motion was made to make the petition more definite and certain, the court cannot be put in the wrong for charging the jury on either theory which the petition and proof admit of. But, when the court did charge the jury, as it did, on the theory of non-acceptance, upon the respondent's request, it was bound to embody in that instruction all the essential elements of a recovery on that theory, and the question of acceptance or non-acceptance was not only an essential, but a controlling, element.

The proof did not present a case which would enable the court to assume non-acceptance as a matter of law.

The respondent saw the machine in operation as early as October, 1888. It continued to use it, according to its own testimony, until June, 1889, and, according to inferential evidence, to a period much later. It is true that such use was susceptible of explanation, and was sought to be explained by it for the purpose of avoiding the conclusion of an acceptance, which, but for such explanation, would have been a legal presumption. The question of acceptance or non-acceptance thus became a question of fact, which the jury were to determine under proper instructions from the court.

It necessarily results from the foregoing that the instruction above set out was erroneous. If the respondent went to the jury on the theory that he sought a recovery for breach of warranty, the instruction did not lay down the correct measure of damages applicable to such actions. If, on the other hand, the respondent went to the jury on the theory that he had never accepted the chattel, the instruction was erroneous, because it withdrew the controlling question of acceptance or non-acceptance, which was a mixed question of law and fact, from the consideration of the jury.

As the case was tried by a careful and very industrious judge, we do not deem it necessary to point out in detail how the same error runs also through the other instruction given on behalf of the respondent.

Instruction A, asked by the appellant, was properly refused. It was not disputed that the machine was sold with certain guaranties or representations; the only dispute was as to what those representations were. The court, therefore, could not instruct the jury that, unless the plaintiff proved that a warranty was in fact made, the plaintiff could not recover. Instruction B was also properly refused. The fact that the machine was delivered, inspected and used, and that payments were made thereon, would, if unexplained, be conclusive evidence of acceptance, but, in the light of the respondent's evidence explaining these acts, the question of

acceptance or non-acceptance, as above said, was one for the jury.

The objection that the court rejected proper evidence offered by the appellant is, likewise, untenable. The evidence thus rejected was that of one witness, by whom appellant endeavored to prove the worth of the machine with certain of its parts broken. If the machine was as guaranteed, the plaintiff was not entitled to recover; if it was not as guaranteed, the plaintiff was not limited in its recovery to the value of such parts of the machinery as broke in its trial.

We see no other error in the trial of the cause besides the giving of the two instructions above referred to for the respondent, but, as the error in these was clearly prejudicial to the appellant, the judgment must be reversed on that account.

All the judges concurring, the judgment is reversed, and the cause remanded.