THE GRANT QUARRY COMPANY, Respondent, v. THE LYONS CONSTRUCTION COMPANY, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. Issues: EVIDENCE: VERDICT. When the issues involved in a cause are submitted to the jury on instructions unobjected to, and there is evidence to support the verdict, it will not be disturbed.

2. **Argument, Party Entitled to Open and Close.** Where there is one issue in a cause that party is entitled to open and close the argument in the cause, on whom rests the burden of proof; and to deprive him of that right is reversible error.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

REVERSED AND REMANDED; all the judges concurring, Judge BIGGS in the result.

*Ellis & Ellis* for appellant.

When there is a contract which is severable in its nature, and the plaintiff, having partially fulfilled the contract, is guilty of a breach of it, he may recover for the work or labor done,. or materials furnished, his proportionate share of the contract price less such damages as the defendant may have sustained through his breach of the contract. And where the contract is for the furnishing of an ordinary article of merchandise, the measure of defendant's damages will. be the difference between the contract price and the market price at the time and place of delivery. *Lumber Co. v. Warner*, 93 Mo. 374; *Yeates v. Ballentine*, 56 *Id.* 530; *Smith & Keth v. Coal Co.*, 36 Mo. App. 567; *Ahren v. Boyce*, 19 Mo. App. 552; *Eyermann v. Cemetery Ass'n*, 61 Mo. 490; *Davis v. Brown*, 67 *Id.* 313; Sedg. on Dam. 174.

When there is one issue in a cause the party on whom the burden of proof rests is entitled to make the opening and closing argument to the jury, and it is error to deprive him of that right. *McHale v. Oertel*, 15 Mo. App. 583; *Jones v. Porter*, 52 Mo. 399; *Gaus & Son v. Magee*, 42 Mo. App. 307; *Hassell v. Bank*, 95 Mo. 60; *Cooms Com. Co. v. Black*, 130 *Id.* 668; *Tow Co. v. Ins. Co.*, 52 *Id.* 529.

*Clopton v. Trembley* for respondent.

Defendant was in no way damnified by not being allowed to open and close the argument. If it desired to open and close, it should have admitted plaintiff's cause of action at the outset. *Porter v. Jones,* 52 Mo. 399.

Even if improper conduct were now urged as reversible error, this court would not reverse the case on that ground. 2 Black on Judg., sec. 574; *City v. R'y,* 116 Mo. 643.

BLAND, P. J.—The suit is founded upon a promissory note and originated before a justice of the peace. Appellant filed an answer before the justice, in which it denied each and every allegation contained in plaintiff's petition, and alleged that the note sued on was given without consideration, and not for value received. The answer further set up a counterclaim and alleged that it had been damaged in the sum of $500, by reason of the failure and refusal of respondent to deliver eight hundred squares of crushed macadam to the defendant, as it had contracted and agreed to do. A trial was had before the justice, resulting in a judgment for the plaintiff, from which an appeal was taken to the circuit court, where upon a trial *de novo* judgment was again recovered for the plaintiff, from which the defendant appealed to this court.

The appellant by his brief relies upon the following assignments of error for a reversal of the judgment:

*First.* That the court erred in giving judgment in favor of plaintiff and against defendant.

*Second.* That the court erred in overruling defendant's motion for a new trial.

*Third.* That the court erred in denying to defendant the right to open and close the argument to the jury.

The first and second assignment of error may be considered together, as they go to the sufficiency of the evidence to support the verdict. There was no evidence introduced on the trial tending to impeach the consideration of the note. To prove its counterclaim, the appellant introduced the pleadings, instructions, verdict and judgment of the circuit court in the cause of the *Grant Quarry Company v. Lyons Construction Company,* it being another suit between the same parties on the same cause of action that is pleaded as an offset in this action. The plaintiff recovered a judgment in that action for $30.68. By this judgment the appellant successfully contended in the trial court that that judgment judicially established the fact that the respondent had violated the contract upon which appellant relied for a recovery on his counterclaim. Evidence was introduced which tended to show that respondent had failed to deliver a considerable portion of the macadam it had contracted to deliver, and that the appellant was compelled to purchase it elsewhere to fill its own contract, and was compelled to pay more for it than the contract price, $2.50 per square, made with respondent. The testimony in rebuttal tended to show that during the period of time the appellant claimed to have been compelled to purchase macadam at an increased price, crushed macadam of the kind embodied in the contract was worth from $2.25 to $2.50 per square f. o. b. cars; also testimony tending to prove that appellant demanded of respondent a quality of macadam more costly than the kind called for in the contract. The issues were submitted to the jury on instructions that were unobjected to. There was evidence to support

*Margin note: ISSUES: evidence: verdict.*

the verdict of the jury against the counterclaim; the trial court refused to disturb this finding, and we are not disposed to do so. The third assignment of error that appellant had the right to open and close the argument, must be decided by ascertaining upon which of the parties rested the burden of proof. The execution of the note was not denied. Respondent's *prima facie* case was made out by reading the note to the jury. No evidence was offered to impeach its consideration. All the evidence and all the instructions of the court were directed to the appellant's counterclaim; it held the affirmative to establish the only issue of fact in dispute, its counterclaim, and the burden of proof rested upon it, and had the right to open and close the argument. *St. Louis Tow Co. v. Ins. Co.*, 52 Mo. 529; *Jones v. Porter*, 52 Mo. 359; *Hassell v. Bank*, 95 Mo. 60; *Cooms Com. Co. v. Block*, 130 Mo. 668; *Gaus & Son v. Magee*, 42 Mo. App. 307; *Smith v. Keith & Perry Coal Company*, 36 Mo. App. 567; *McHale v. Oertel*, 15 Mo. App. 583.

*ARGUMENT, party entitled to open and close.*

This right was denied the appellant by the learned trial court, for which error the judgment is reversed and the cause remanded. All concur. Judge BIGGS in the result.