J. PHILIP KNOCHE, Executor, et al., Appellants, v. C. A. WHITEMAN, Respondent.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Trial Practice: BURDEN OF PROOF: MORTGAGE: RELEASE: INSTRUCTION.** Plaintiff claimed title under a mortgage. Defendant confessed and avoided by setting up a release. Held, plaintiff was relieved of the burden of proof which the defendant took upon himself, and an instruction placing the burden on plaintiff was error.

2. ———: ———: ———: ———: ———: **AGENCY.** Where the defendant claims the mortgage was released by the mortgagee's agent, he assumes the burden to show the agent's authority to release, and mere authority to collect is insufficient as is also the possession of the mortgage and note without further proof to show his authority to release without payment.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*Brown, Harding & Brown* for appellants.

(1) Instruction number five, offered by appellants, should have been given. Respondent admits the validity of appellants' mortgage and defends by saying: "I bought the property from Perry, who says your agent verbally released it from your mortgage." This is an affirmative defense and the burden was on respondent to establish it by the preponderance of the evidence. Banks v. Wood, 124 Mo. 72; Kent v. Miltenberger, 13 Mo. App. 503; Conway v. Reed, 66 Mo. 346; Cox v. Railroad, 128 Mo. 362; Gutzweiler's Adm'r v. Lackmann, 39

Mo. 91; Albert v. Besel, 88 Mo. 150; Janssen v. Stone, 60 Mo. App. 402; Hombs v. Corbin, 34 Mo. App. 393; Brown v. Morgan, 56 Mo. App. 382; State ex rel. v. Mastin, 103 Mo. 508; Griffith v. Creighton, 61 Mo. App. 1; Arnot v. Branconier, 14 Mo. App. 431; Church v. Fagin, 43 Mo. 123; 7 Am. and Eng. Ency. of Law, 96; Railroad v. Felton, 103 Fed. Rep. 227; Skipwith v. Hurt, 58 S. W. Rep. 192; Bayless v. Cockeroft, 81 N. Y. 363; Ames v. Livingston, 26 Kan. 106. (2) Instruction number two, offered by respondent, placing the burden of proof upon appellants, should not have been given: Every page of the record admits the validity of appellants' mortgage, but even if there were no such admissions, when such mortgage was introduced, showing record and property identified, a *prima facie* case was made, and the burden of proof shifted to respondent. See authorities cited above. (3) Respondent having set up special contracts in avoidance must assume the burden of proving it. Tow Co. v. Ins. Co., 52 Mo. 529; Richardson v. George, 34 Mo. 108; Gray v. Gardner, 17 Mass. 188; Attleboro v. Middleboro, 27 Mass. 378; Davis v. Jenny, 42 Mass. 221. (4) Respondent not only affirmatively alleges that the property was released from appellants' mortgage, but alleges that it was so released by an agent of appellants. The burden of showing agency as well as the verbal release was on respondent. Spurloch v. Railroad, 125 Mo. 404; Johnson v. Hurley, 115 Mo. 513; Turner v. Lord, 92 Mo. 113; Sone v. Palmer, 28 Mo. 539; Hardesty v. Newby, 28 Mo. 567; Kuenzel v. Nicholson, 56 S. W. Rep. 1076.

*Dan'l W. Brown* for respondent.

(1) When counsel for appellants insist that instruction number two for defendant should not have been given, and that the burden of proof is upon defendant, they apparently confuse the burden of proof with the weight of evidence. Bun-

ker v. Hibler, 49 Mo. App. 536; McCartney v. Ins. Co., 45 Mo. App. 373. (2) While it may be true that the introduction by plaintiffs of evidence showing that they held a chattel mortgage upon the identical motor in question, would make a *prima facie* case, yet it would merely shift the weight of evidence, and it would still be error for the court to instruct the jury that the burden of proof was upon the defendant. Long v. Long, 44 Mo. App. 141; Marshall v. McKelvey, 55 Mo. App. 240. (3) The respondent's defense was really a denial of the conversion which the appellants pleaded—a denial in that she claimed that appellants had sold the motor through their agents, to her, and received the full purchase price thereof, thereby relieving the motor of the lien of the mortgage. The burden of proof was with appellants at the commencement of the trial, and necessarily remained so until the end, as the authorities cited clearly show.

ELLISON, J.—This is an action begun before a justice of the peace to recover damages for the alleged conversion of an electric motor. Defendant prevailed in the circuit court whence the case had been taken on appeal.

Plaintiffs are the mortgagees of the motor, having taken the mortgage from one Fairman. The mortgage was duly recorded. Fairman as owner and mortgagor remained in possession and afterwards sold the motor to one Perry, subject to the mortgage. Perry afterwards sold the property to defendant, nothing being said as to the mortgage. Defendant refused to recognize plaintiffs' claim under the mortgage and hence the present controversy.

There was no pleading in the cause, since it originated in the court of a justice of the peace. But the whole record shows that defendant conceded and admitted the mortgage. Her defense was that plaintiff released the property from the lien of the mortgage so that defendant might purchase it, and this was

the issue tried. In this state of the record the trial court gave the following instructions over the plaintiffs' protest: "The jury are instructed, as a matter of law, that the burden of proof is upon the plaintiffs, and it is for them to prove their case by a preponderance of the evidence. If you find that the evidence bearing upon the plaintiffs' case is evenly balanced or that it preponderates in favor of the defendant, then the plaintiffs can not recover, and you should find for the defendant."

Instructions are framed with reference to the hypothesis of facts which have been developed in evidence. They are addressed to the understanding of a jury and will be reviewed by an appellate court in the light of these rules. This instruction informed the jury that the burden in the issue before them was on the plaintiffs—that is to say, the burden of showing there was no release of the property rested with the plaintiffs and that therefore if the evidence on that issue was evenly balanced the verdict should be for defendant. This was clearly error. The burden on the only issue in the case was on defendant, for she introduced such issue by conceding what plaintiffs tendered as their title and avoiding it by an independent affirmative proposition of defense. It is not true, as contended by defendant, that the burden of proof *never* changes in a trial, and her chief authority in support of that proposition states the contrary and gives some plain illustrations thereof. Bunker v. Hibler, 49 Mo. App. 536, 543, 544. See, also, Kent v. Miltenburger, 13 Mo. App. 503. In the former case it is said that the burden never shifts *so long as the evidence is directed to the same proposition of fact.* In this case the proposition of fact tendered by plaintiffs was the mortgage. No evidence was necessary to be directed to establish this proposition as it was conceded. But the proposition of fact tendered by defendant was that there was a release. This being a proposition on which plaintiffs took issue, the burden would not

shift from the defendant. The case of St. Louis Tow Co. v. Ins. Co., 52 Mo. 529, is a direct authority against defendant's position. It is there held that the burden of proof is on a defendant who confesses and avoides the allegations of the plaintiff's case.

In Bank v. Wood, 124 Mo. 72, the plaintiff claimed certain cattle under a certain chattel mortgage and the "defendant then undertook to defeat plaintiff's title by showing that he was a purchaser under a prior mortgage. This title defendant affirmatively asserted in his answer and plaintiff denied in its reply. The proposition seems too plain to require argument, or citation of authorities, that one claiming title to personal property under a mortgage, must prove that the property mortgaged is identical with that claimed. *The rule would be the same whether the party claiming was a plaintiff or a defendant in the suit*" (italics ours).

In Cox v. Railroad, 128 Mo. 362, the plaintiff sued for damages on account of defendants' killing his cattle by running over and against them with its cars. The case conceded the killing by the defendant. Its own witnesses established that. But the defense was that the company could not fence its road at the point where the killing occurred on account of its proximity to a station making it dangerous to put in cattle guards. The court stated that "the burden of showing" this defense "devolved upon defendant." The court went further in that statement than we need to go. For it had just said that plaintiff made a prima facie case by showing the killing, whereas, in point of fact, plaintiff's case in that respect was, in effect, more than prima facie—it was conceded.

So it may be stated that where a plaintiff, holding an affirmative to establish his cause of action, brings a defendant into court who thereupon confesses or concedes plaintiff's case as stated, but brings in affirmatively matter of defense to destroy that case, he relieves the plaintiff of the burden, in fact and in law, and takes it upon himself.

It seems that defendant does not claim that the mortgagee released the property personally, but that it was done through the mortgagee's agent, authorized so to do. The burden is upon defendant, who asserts that proposition, to prove it. Johnson v. Hurley, 115 Mo. 513. And it may be stated here that evidence that the attorney was an attorney merely for collection of the mortgage debt, or that he was in possession of the mortgage and note, will not show authority to release the property without a payment of the debt. Something more must be given in evidence which will have a tendency to prove authority to release without payment.

The judgment will be reversed and the cause remanded. All concur.