PEMISCOT LAND & COOPERAGE CO., Appellant, v. E. L. DAVIS et al., Respondents.

St. Louis 'Court of Appeals. Argued and Submitted February 9, 1910. Opinion Filed February 21, 1910.

1. APPELLATE PRACTICE: Overruling Challenge of Juror: Necessity of Calling Attention to Error in Motion for New Trial. The error in overruling a challenge of a juror will not be considered on appeal, where the point was not saved by motion for new trial and where it does not appear the juror was on the panel selected to try the case.

2. JURORS: Competency: Relationship to Parties: Affinity. Section 3785, Revised Statutes 1899, forbidding the impaneling of a juror of kin to either party within the fourth degree of consanguinity or affinity, disqualifies a juror who is a second cousin of the wife of one of the parties, because he is within the fourth degree of "affinity," which is the relationship by marriage between a husband and his wife's blood relations or between a wife and her husband's blood relations.

3. STATUTE OF LIMITATIONS: Trespass to Real Estate: Burden of Proof. Where, in an action for single damages for trespass by cutting and removing timber, the total amount of the timber cut and removed and the value thereof were proved, the burden was on defendant, relying on the five-year Statute of Limitations (section 4273, Revised Statutes 1899), to show what timber was cut prior to the five years before the bringing of the action and the value thereof, so that such value could be deducted from the value of all timber cut and removed.

4. ———: Burden of Proof. A defendant who pleads the Statute of Limitations has the burden of bringing himself within the statute; and this burden rests on him throughout all the incidents involved in the plea.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Ward & Collins* for appellant.

(1) The court erred in failing to excuse juror Robert Popham. Sec. 3785, R. S. 1899; Mahaney v. Railroad, 108 Mo. 191; State v. Walton, 74 Mo. 285. (2) The verdict was for nominal damages and under the law and evidence in this case there was no nominal damage in the case. 8 Am. and Eng. Ency. of Law (2 Ed.), p. 542; Bouvier's Law Dictionary, "Damage;" Black's Law Dictionary, "Nominal Damages." As if where plaintiff proved damages but failed to prove the amount, he is entitled to nominal damages. Brown v. Emerson, 18 Mo. 103; Owens v. O'Riley, 20 Mo. 603; Hayes v. Delzell, 21 Mo. App. 679; Breen v. Fairbank, 35 Mo. App. 212. But that is not the case here, for the defendants admit that they cut the timber on this land, and sale bill shows it; the man who cut the timber swears, and both defendants who testify state, that they got the timber. (3) The court erred in its instructions numbers 1, 2, 3 and 4 for respondents. (a) "The Five Years' Statute of Limitations to be a defense to defendants must be by them pleaded." Stoddard Co. v. Malone, 115 Mo. 508; Murphy v. DeFrance, 105 Mo. 53; Bell v. Clark, 30 Mo. App. 224. (b) "The burden of showing exemption from the operation of the Statute of Limitations is upon the party claiming the exemptions." Campbell v. Laclede Gas Co., 84 Mo. 352; Knoche v. Whitman, 86 Mo. App. 568; Feurt v. Ambrose, 34 Mo. App. 360; 19 Am. and Eng. Ency. of Law, (2 Ed.), 332; Combes v. Smith, 78 Mo. 32, 1. c. 40-41; Gray's Arbor Com. Co. v. Bank, 74 Mo. App. 633; St. Louis Tow Co. v. Ins. Co., 52 Mo. 529. (c) "In a case of continuous trespass, the action is barred as to so much of the wrong only as was committed prior to the term of the limitations." Graft v. City of St. Louis, 8 Mo. App. 562.

*J. R. Brewer* for respondents.

(1)    Even if the court committed error in not sustaining appellant's challenge to the juror, Robert Popham, yet as it raises no such question in its motion for a new trial this court cannot consider it.   R. S. 1899, Sec. 640; State v. Tomasitz, 144 Mo. 91; Lynch v. Railroad, 208 Mo. 42.   (2)   Defendants by the general denial plead in this case put in issue among other things the amount of damages sustained by the plaintiff and it was incumbent on it to prove the amount.   Hayes v. Delzell, 21 Mo. App. 684; Breen v. Fairbank & Co., 35 Mo. App. 216; Webb v. Coonce, 11 Mo. 9.   Defendant's plea of the Statute of Limitations is not inconsistent with their general denial for they both may be true and the one does not contradict the other.   Enos v. Railroad, 41 Mo. App. 268.

STATEMENT.—Action by plaintiff, appellant, here, against respondents for $500 damages claimed to be due for trespass on lands of plaintiff, cutting and removing therefrom a lot of timber and converting the timber to the respondents' use.   The action was commenced in the circuit court of Pemiscot county, on the 25th day of April, 1907.

The answer is a general denial and the plea of the five years Statute of Limitations (section 4273, R. S. 1899), single damages alone being demanded, not the treble damages recoverable under section 4572, under which latter the three years limitation would apply. Trial before court and jury. When the jurors were being examined upon *voir dire,* one of the jurors stated that he was a second cousin to the wife of one of the defendants. He was challenged for cause by the plaintiff, the challenge overruled and exception saved.

There was evidence in the case tending to show that while neither plaintiff nor defendants were in possession of the land, the legal title was in plaintiff. There

was also evidence tending to show that the defendants were claiming under a bill of sale for the timber, made to them by one Davis, on the 22d of May, 1901, who claimed by virtue of a tax deed of date September 9, 1897, the suit under which the sale was had and the deed made being against two parties, neither of whom appear to have had any title to the land at the date of the suit. There was evidence on behalf of plaintiff to the effect that the timber had been cut and taken from the land by parties acting under order of the defendants not over three years before the beginning of the suit. There was also evidence tending to show the number of feet cut and its value, somewhere around $150. A witness for plaintiff testified that he had cut this timber off of the land, of which the land in controversy was a part; that to the best of his recollection the last of the timber was cut and removed from the land in July, 1902. A witness for defendants testified in direct examination, that none of the timber was cut later than April 25, 1902, but on cross-examination, he admitted that he did not know when the last was cut and whether the last that was cut, was cut off of the land in controversy; that he paid no attention to dates; could not say exactly when they finished cutting on the land in controversy; could not say in what month in 1902 the timber cutters got through cutting on this land; could not say that it was not in the month of July, 1902; that what he means to say was that the last that was cut was in July, 1902, but whether that cutting was off of this land or not, he would not undertake to say. He further testified that he did not know and was not willing to say whether any timber was cut off of this land before the 25th of April, 1902, or not. One of the defendants testifying, said in effect that he would not say that the timber which had been cut off this land had been cut off and removed before the 25th of April, 1902. In brief, while the testimony tended to show timber had been cut off this land after April 25, 1902, it did not

show just how much of that cut and removed from the tract had been after that date; that is, it did not definitely show how much had been cut and removed within the five years, nor how much before the beginning of the five-years period.

At the conclusion of the testimony, the court, at the instance of plaintiff, gave four instructions. The first was to the effect that under the evidence in the case neither of the defendants had any title to the land described in the petition nor any right or title to the timber on the land, and that the deeds and contracts read in evidence gave to plaintiff the right to sue and recover for any and all timber removed from the land by these defendants or either of them, or their agents or servants or employees, within the five years immediately prior to April 25, 1907, the date of which this action was begun, and if the jury found from the evidence that the defendants, through their agents or employees or in person, entered upon the land and cut and removed the timber within five years immediately prior to April 25, 1907, and converted the same to their own use and benefit, the jury would find the issues for the plaintiff, "in whatever sum you may find it to have been damaged by reason of the conversion of the timber as aforesaid, and assess its damages in a sum not exceeding $500." In the second instruction given at the instance of plaintiff, the jury were told, in substance, that if they found for plaintiff they would, in assessing its damages, take into consideration the amount of timber taken from the land by one of the defendants (Reynolds) or his agents, within five years next prior to April 27, 1907, and upon this amount of timber the jury would compute its damage, by taking the market value of the timber at that time and place and allowing the plaintiff such sum as the jury would find to have been the reasonable market value of the timber at that time and place, not exceeding five hundred dollars. The third instruction given at the instance of plaintiff was

as to the bar of the Statute of Limitations plead by the defendants, and as to that the court instructed the jury that the burthen of proving that the cause of action accrued more than five years before the commencement of the action, rests upon the defendants, and that unless the defendants "prove to you by the preponderance or greater weight of evidence that the timber they removed from the land was removed more than five years before the institution of this action, then such defense will not avail, and you will find for the plaintiff." By the fourth instruction given at the instance of plaintiff, the jury were told that if they found the issues for plaintiff, they could find against both the defendants or against either, but if they found against one alone they must specify that one in their verdict.

At the instance of the defendant the court also gave four instructions. The first told the jury that nominal damages, as used in the instructions, is defined to be damages ranging from one cent to one dollar, but no more or greater sum. The second told the jury that they could not find for plaintiff for any timber cut or converted prior to the 25th of April, 1902. The third instruction told the jury, in substance, that although they might find and believe from the evidence that the defendants, or either of them, have, since the 25th of April, 1902, cut timber from the lands described in the petition, "yet before you can find for the plaintiff for more than nominal damages, you must find, by a greater weight or preponderance of the testimony, the amount of timber so cut by the defendants, or either of them, since said 25th day of April, 1902, and the value thereof." The fourth instruction told the jury that although they might find from the evidence in the case that the defendants cut or caused to be cut, timber off of the lands since the 25th of April, 1902, they could not find for plaintiff for more than nominal damages, "unless the quantity of timber cut and the reasonable market value

of the said timber so cut since the said date has been shown by the evidence in this case."

. The plaintiff duly excepted to the giving of these instructions. Nine of the jurors returned a verdict for plaintiff and assessed its damages at the sum of one dollar. Judgment followed accordingly, a motion for new trial was filed, which was overruled, exceptions being saved, and an appeal duly perfected to this court by the plaintiff.

REYNOLDS, P. J. (after stating the facts).— Counsel for plaintiff assigned three grounds of error: First, to the failure to excuse the juror, who was challenged; second, that the verdict was for nominal damages, while under the law and evidence in the case, there could be no verdict for nominal damages, and third, that the court erred in its instruction given at the instance of the respondents. Referring to the first error assigned, as to the failure to sustain the challenge to the juror, it is to be said that this point was not presented or saved by the motion for new trial; that it does not appear that the juror challenged was of the panel that was selected to try the case or whether he was peremptorily challenged by the respondents, so that this assignment of error cannot be considered. Although it is true that the contention of the respondents is correct, and that under section 3785, Revised Statutes 1899, the challenge should have been sustained, we cannot reverse for this error for the reasons above stated. We notice it, however, so that on a new trial, like error may not creep into the record. Section 3785 forbids the impaneling of a juror in the trial of any case who, among other disqualifications, "is of kin to either party to any such cause within the fourth degree of consanguinity or affinity." The juror challenged stated that he was a second cousin to the wife of one of the defendants. That brought him within the degree of affinity, though not of consan--

guinity, prescribed by the statute.   One is within the prescribed degree of affinity when the "relationship is by marriage between a husband and his wife's blood relations, or between a wife and her husband's blood relations" (Webster's New International Dictionary, Ed. 1910), and this juror should have been excused. Whether or not he was of the panel that tried the case, we are not advised nor, as before stated, can we reverse for this error, as it is not within the grounds stated in the motion for a new trial.

The second and third points may properly be considered together.   They both go to the assigned error in the instructions which resulted in the verdict for nominal damages.   If those instructions were proper under the law and the facts in evidence in the case, the verdict cannot be successfully attacked.   The jury must have understood by the instructions given at the instance of the defendant, that the court threw upon the plaintiff here the burthen of establishing the amount of actual damages sustained by reason of the cutting and taking away of the timber, within the five years immediately prior to the institution of the action.   That was error.   The issues in the case are very simple and are well stated by counsel for the respondents to be, first, was plaintiff entitled to recover for this timber which was practically admitted by the respondents to have been cut and removed by them?   That brought it down to a question of the amount and value of the timber cut.   Second: that was clearly established by the evidence and made out a prima facie case for the plaintiff. For the court to instruct, in contravention to this prima facie case, that the burthen of proof was upon the plain tiff to show what was the value of the timber cut within the period of the statute, was practically shifting this burthen from the plaintiff to the defendants.   It was for the defendants to show how much of the timber cut was cut prior to the 25th day of April, 1902; it was for the defendants to take the amount of cutting  claimed  to

have been done prior to the beginning of the running of the statute, out of the statutory period and out of the whole amount of cutting proven to have been done. When the total amount of timber which had been cut off of this land and the total value of that timber had been proven, the burthen was on the defendant to exclude from this amount the quantity and value of that cut prior to the 25th of April, 1902. Any other rule deprived plaintiff of the benefit of the instructions the court gave at its instance and contradicted those instructions. The court by these instructions which it gave at the instance of defendants, shifted the burthen from defendants to the plaintiff. This violated the rule that the burthen of showing exemptions by reason of the operation of the Statute of Limitations is always upon the party claiming the benefit of it, and that burthen rests there throughout all the incidents involved in the plea of the statute. In other words, the burthen is upon the defendants, who plead the statute, to bring themselves within the protection of the statute, not only as to the act but also as to what might be called the concomitant of the act. Defendants must show how much of all the timber cut and removed, was cut and removed before the beginning of the operation of the statute, and this necessarily involved showing the value of that so cut, that its value might be deducted from the value of all cut and removed. This was for defendants to do, not for plaintiff. When plaintiff proved the value of all cut and removed, it went as far as it was required to go. That, as we understand, is the law of this State as laid down in the cases of St. Louis Tow Co. v. Insurance Co., 52 Mo. 529; Combs v. Smith, 78 Mo. 32; Campbell v. Laclede Gas Co., 84 Mo. 352, l. c. 375; Feurt, Ex'r. v. Ambrose, 34 Mo. App. 360, l. c. 366; Knoche v. Whiteman, 86 Mo. App. 568, l. c. 571.

To slightly paraphrase the language of Judge ELLISON, in this last cited case, to meet the facts in this case, the essential point to be proven by the defendants

under their plea of the statute, was, that admitting they had cut and removed timber from the lands, they claimed as to part of it, in fact the larger part of it, that it was done prior to the beginning of the five-years period. In that was involved showing how much was cut and removed prior to the five years, and in that was further involved, proof of its value. That was the evidence defendants were required to produce, and the burden of making that proof was on defendants.

To repeat, the effect of the instructions which the court gave at the instance of respondents was to shift the burthen of proof from the shoulders of the respondents to the shoulders of the plaintiff as to the amount and value of timber cut prior to April 1, 1902, while it was for the defendants, pleading the statute, to show, by the preponderance of the evidence, how much of the timber cut fell outside of that period; that done, the plaintiff was entitled, not to nominal damages, but to damages for the difference between the value of all the timber cut and the value of that cut before April 1, 1902. If defendants failed to establish this by the preponderance of the evidence, that was their misfortune, and plaintiff would be entitled to a verdict for the value of all the timber proved to have been cut and converted. This error of shifting the burthen of proof appears throughout the three instructions given at the instance of defendants and is an error to the manifest prejudice and injury of the plaintiff. Apart from that, and the error in overruling the challenge to the juror, we find no error in the record. For the error in instructions, which we have pointed out, the judgment of the circuit court is reversed and the cause remanded. All concur.