JAMES BALL and BEN GARRETT, Respondents, v. JAMES W. LUSK, W. C. NIXON, and W. B. BIDDLE, Receivers for SAINT LOUIS & SAN FRANCISCO RAILROAD, Appellants.

Springfield Court of Appeals, April 14, 1915.

1. **DAMAGES: Judgment Must be Based on Evidence.** Where there is no evidence tending to show the extent of plaintiff's damage, a judgment is not allowed to stand.

2. ———: **Carriers: Shipment of Stock: Evidence.** Action for damages growing out of a shipment of cattle. The evidence

merely showed that one of the animals was injured during transportation so as to prevent her for a week from standing; that eight or ten of the animals were bruised and skinned up and did not improve for ten days. No value was shown except as to the one first mentioned. No testimony was introduced as to whether any money was expended for the care of those injured and there was no evidence as to the extent of plaintiff's damage. The jury had practically no evidence upon which to determine the extent of such damages. The judgment is not allowed to stand.

3. **CARRIERS: Limiting Liability: Interstate Shipments.** A contract of interstate shipment may limit liability for loss and injury and such limiting provision is valid and binding.

4. ———: **Shipments: Injury to: Time of Notice: Jury Question.** Where a shipment of cattle arrived at destination August 1 and notice of injury was dated August 5, the testimony of the shipper that he made out the notice and delivered it the day of the arrival or the next morning, though he may have placed the wrong date on it, raises a question for the jury whether the notice was given within the time required by the contract of shipment.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans,* Judge.

Affirmed (*conditionally*).

*W. F. Evans* and *W. J. Orr* for appellants; *Green & Green* of counsel.

There was an entire failure of proof of any damage beyond the value of the steer killed, and the verdict is excessive beyond that sum of $45.38 and in no event can stand for a greater sum. Express Co. v. Coringer, 226 U. S. 491; Railroad v. Miller, 226 U. S. 513; Railroad v. Latta, 226 U. S. 519; Express Co. v. Neiman-Marcus, 227 U. S. 469; Railroad v. Carl, 227 U. S. 369; Railroad v. Harriman Bros., 227 U. S. 657; Railroad v. Cramer, 232 U. S. 490; Railroad v. O'Conner, 232 U. S. 508; Railroad v. Hooker, 233 U. S. 97.

*J. N. Burroughs* for respondent.

(1) The evidence was ample on the question of negligence. It was shown that these cattle were loaded early in the morning and stood there on the track until two or three o'clock in the afternoon. Just awhile before the train picked them up the car was bumped and slammed about in a very rough and unusual manner. (2) The notice of loss is sufficient. No form is provided in the contract, nor does the law prescribe any certain form. The notice gave sufficient data upon which to base an investigation which is all that could be required. It states that a car of cattle was shipped for plaintiffs by defendants, giving point of shipment and destination; that one had a broken leg, one was down in the back and the others bruised and injured, and laid the damages at $150. That is all that was necessary. (3) There is nothing in the charge that the damages allowed are excessive. That is a question for the jury solely. They are to judge from all the facts and circumstances in evidence. McCrary v. Railroad, 109 Mo. App. 567; Spencer v. Railroad, 120 Mo. 154.

FARRINGTON, J.—Plaintiffs (the respondents here) recovered a judgment in the trial court for damages growing out of a shipment of live stock from Imboden, Arkansas, to Brandsville, Missouri. The defendants are the receivers of the common carrier that handled the shipment, and appeal from the judgment for $150, assigning several grounds of error.

At the oral argument counsel for appellants consented that the judgment be sustained for the sum of $48, the value of a steer that had a broken leg when it reached the destination point and which was left in defendants' charge and killed.

The items of damage claimed in plaintiffs' petition are as follows:

Excess shrinkage by reason of delay ....$150
Damage from bruises and injuries ...... 100
One killed ......................... 48
                                    ———
    Total damage ..................$298

The court in the instructions eliminated the item of "excess shrinkage," evidently because of a failure of proof upon which such issue could be submitted. This limited the recovery sought in the petition to damage from bruises and injuries ($100), and to damages for the one killed ($48).

Complaint is made that the court submitted to the jury the question concerning the amount of damage sustained from bruises and injuries, for the reason that there was no evidence whatever from which the jury could intelligently measure the damage on this item; and we think the point is well taken. The record merely shows that one cow was injured in her back, preventing her from standing up for about a week, but she did recover and was sold with the remainder of the herd sometime in the month of September, 1914. The shipment was started from Imboden on the afternoon of July 31, 1914, and reached Brandsville on the morning of August 1, 1914. It is further shown that some eight or ten head of the cattle were bruised and skinned up and made no improvement for at least ten days. What their value was (except as to the one steer) prior to and following the injuries, does not appear. There being no evidence introduced tending to show the extent of the plaintiffs' damage, the judgment cannot be allowed to stand as rendered. [Gaibout v. Clark, 24 Mo. App. 426, 428.] The record is silent on whether there was any money expended in curing and caring for those that were injured. It is not shown what the weight of the cattle was before or after the injury, or what the extent of the shrinkage, if any, was. So far as the record before us shows, no witness even ventured his conclusion as to the extent of the damage sustained

to the cow or the damage from the bruises and injuries to the others; the jury was deprived entirely of evidence upon which it could determine the extent of the damages for the bruises and injuries. As was said in the case of McCrary v. Railway Co., 109 Mo. App. l. c. 571, 83 S. W. 82, cited by respondents: ". . . the different market values per pound of different classes of cattle, the condition of the cattle from fatigue, the amount of pounds lost by unusual shrinkage, were all matters of fact to be stated by the witness." When liability is shown, the jury must have some evidence to direct them to the proper amount of damages to be awarded.

The contract of shipment introduced in evidence shows that it pertained to an interstate shipment and that the liability for loss and injury is limited. Such contracts are valid and binding and have been sustained in a number of decisions by the United States Supreme Court. [See, Adams Express Co. v. Croninger, 226 U. S. 491, 57 L. Ed. 314; Missouri, Kansas & Texas Ry. Co. v. Harriman Brothers, 227 U. S. 657, 57 L. Ed. 690; Kansas City Southern Ry. Co. v. Carl, 227 U. S. 639, 57 L. Ed. 683; Wyatt v. Railroad, 173 Mo. App. 210, 158 S. W. 720.]

The point is made that notice of the injury was not given within the time required by the contract. While the evidence shows that the car reached Brandsville on August 1st, and the notice introduced in evidence bears the date, August 5th, yet one of the plaintiffs testified that he made out the notice and may have dated it wrong, but that he delivered it either the day the cattle arrived or the next morning. This raised a question for the determination of the jury.

Because of the error contained in the instruction, in submitting to the jury the question of the amount of damage without evidence, the judgment cannot stand and there will have to be another trial unless respondents accept appellants' offer to permit the judgment to

stand in the sum of $48—the proven value of the steer killed.

The case being in this condition makes unnecessary a discussion of the assignment as to a failure of the evidence to show that the damage resulted from a negligent handling of the shipment, though we think the evidence sufficient to take that question to the jury.

If, within ten days from the date on which this opinion is handed down, the respondents file in this court a written remittitur of $102 of the judgment, the same will be affirmed; otherwise, an order will be entered reversing the judgment and remanding the cause for a new trial. *Robertson, P. J.,* and *Sturgis, J.,* concur.