The Ozark Lumber Company, Appellant, v. The
Chicago Lumber Company, Respondent.

Kansas City Court of Appeals, December 5, 1892.

1. **Sales**: GOODS SOLD AND DELIVERED: ACCEPTANCE. The vendor may recover for goods sold and delivered, as well as for goods bargained and sold, without proving any actual acceptance.

2. ———: REMEDIES OF VENDOR: DAMAGES. Vendor has three methods of indemnifying himself for the vendee's not taking and paying for the property sold: *First*, he may store the property for the vendee, and sue for the entire purchase price; *second*, he may sell the property as agent of the vendee, and recover the difference between the contract price and the price obtained on such resale; *third*, he may keep the property as his own, and recover the difference between the market price at the time of delivery and the contract price.

3. **Damages:** MEASURE OF: GOODS SOLD AND DELIVERED. C. ordered of O. a carload of lumber to be delivered at St. J. for an agreed sum. The car arrived on time and C. paid freight, taking up bill of lading, and soon afterward took out one wagonload, which he immediately returned to the car and refused to accept the lumber or any part thereof. O. refused to take the lumber back, and it was sold by the warehouseman. *Held,* the lumber was sold and delivered to C. who was liable for the contract price.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED.

*Stauber & Crandall,* for appellant.

(1) A delivery to the railroad company, to be shipped by the usual channel, was a delivery to respondent. The telegrams show that the word "delivered" has reference to the price alone. *Glasgow v. Micholson,* 25 Mo. 29; *Comstock v. Affoellin,* 50 Mo. 411; *Graff v. Foster,* 67 Mo. 512. (2) In an action for the contract price of goods, sold on written contract, where vendor has performed, he can recover as the damages the contract price, where vendee refuses to complete contract on his part by refusing to pay for goods. *Crawford v. Earl,* 38 Wis. 312; Benjamin on Sales [4 Am. Ed.] sec. 313, p. 326; 3 Parsons on Contracts [7 Ed.] p. 208; *Dobbins v. Edmonds,* 18 Mo. App. 307; *Hamilton, Adm'r, v. Clark,* 25 Mo. App. 428; *Robinson v. Uhl,* 6 Neb. 329; *Hunter v. Wehle,* 84 N. Y. 549; *Anderson v. Frank,* 45 Mo. App. 482. (3) Where goods have been bought and sold, when no question on the statute of frauds arises, the acceptance and receiving on part of vendee is not necessary to make sale complete. *Cunningham v. Ashbrook,* 20 Mo. 553; *Williams v. Evans,* 39 Mo. 201; *Morse v. Sherman,* 106 Mass. 430. We say these goods were delivered,

accepted and received. Porter on Bills of Lading, sec. 420. (4) The delivery of the bill of lading by vendor, and accepting of same by vendee, shows the intention of the parties, and in this case a completion of the sale. *Bank v. Homegee*, 45 Mo. 145; *Railroad v. McLiney*, 32 Mo. App. 167; Porter on Bills of Lading, sec. 420.

*Spencer & Strop*, for respondent.

(1) It is the settled rule of law in this state, and stands *stare decisis*, that without an acceptance of goods sold the vendor cannot recover the contract price; but his remedy is only for the difference between the contract price and the market value of the goods, and the only place where there is a departure from this rule is when the goods are ordered and made for a special use, and the goods are not of a marketable |value. See on this exact point: *Mfg. Co. v. Iron Co.*, 29 Mo. App. 526; *Lumber Co. v. Warner*, 93 Mo. 387; *Gaibot v. Clark*, 24 Mo. App. 426; *Rickey v. Tenbroeck*, 63 Mo. 563; *Northup v. Cook*, 39 Mo. 209; *Allen v. Jarvis*, 20 Conn. 48; *Laird v. Pimm*, 7 M. & W. 474–478; *Barrow v. Amand*, 8 Q. B. 604–610; *Moody v. Brown*, 34 Me. 107; *Fell v. Mueller*, 78 Ind. 507. (2) There is a marked difference between a delivery and an acceptance of goods. See Tiedeman on Sales, sec. 114, and authorities cited, and, expressly in point, *Calhoun v. Paule*, 26 Mo. App. 274. (3) The vendee has a right of inspection of goods after delivery before he can be held for acceptance, and an inspection is not an acceptance. Tiedeman on Sales, secs. 114, 115, and authorities cited. (4) In this case a delivery to the railroad company was no delivery to defendant, because the contract called for goods delivered at St. Joseph, Missouri; hence, authorities cited by appellant under point "1" have no application.

GILL, J.—This case is submitted here on the following agreed statement: "That plaintiff, 'the Ozark Lumber Company,' at Winona, Missouri, sold by written contract to the defendant, 'the Chicago Lumber Company,' one carload of lumber, the contract of sale being the following telegrams:

" 'ST. JOSEPH, Mo., February 14, 1890.

" '*To Ozark Lumber Company, Winona, Mo.:*

" 'Ship one carload four-inch clear flooring, sixteen feet, seventeen-fifty, delivered. Wire if can fill.

" 'CHICAGO LUMBER COMPANY.'

"To which plaintiff replied as follows:

" 'WINONA, Mo., February 15, 1890.

" '*Chicago Lumber Company, St. Joseph, Mo.:*

" 'Your telegram of 2–14 received this morning. Our best delivered price for one car for 13 x 16 x 4–16, clear flooring, would be $18 delivered at St. Joseph.

" 'OZARK LUMBER COMPANY.'

"To which the defendant replied as follows:

" 'Ship the flooring to-morrow sure. Must have it quick.        CHICAGO LUMBER COMPANY.'

"Plaintiff's evidence tended to and did show the following facts: That pursuant to said contract plaintiff did ship said carload of lumber, by usual channels, which duly arrived in St. Joseph, and on its arrival defendant, according to the general custom of lumber men so to do, took up the bill of lading and paid the freight upon said car, and that soon afterwards defendant took out of said car, one wagonload of lumber and immediately returned same to the car, and refused to take said lumber or any part thereof, and that the value thereof was $150.59. Plaintiff refused to take it back, and it was abandoned by both parties and sold by warehouseman. The petition alleges a full and complete execution of contract on part of plaintiff and asks for full amount of contract price. The answer

was general denial, and the testimony of plaintiff in support of petition was as above stated. At defendant's request, the court sustained a demurrer to the evidence, holding that there was not an acceptance of the car, and by reason thereof plaintiff was not entitled to recover the contract price, to-wit: One hundred and fifty dollars and fifty-nine cents ($150.59) as the measure of damages." * * * The agreed statement concludes with this remark: "It is agreed that the only question to be determined is as to the measure of damages, plaintiff holding that the contract price is proper measure of damages, and can be recovered under the agreed facts herein, defendant denying such right."

This would seem to be an action on a contract for the sale of a certain lot of lumber, which plaintiff, at defendant's request, shipped from southeast Missouri to defendant at St. Joseph, Missouri. The agreed statement admits the shipment of the lumber to, and arrival at, St. Joseph as the parties contracted; and indeed substantially admits the performance by the plaintiff of everything it was to do under the contract, and admits too defendant's default, but yet the lower court held that plaintiff was not entitled to recover. It seems clear to us that the trial court erred in turning the plaintiff out of court. To say the least, under the agreed facts, the plaintiff was entitled to recover nominal damages. The statement shows the making of a contract between plaintiff and defendant, a compliance therewith by plaintiff vendor, and a failure of compliance by the defendant vendee.

But, more than this, we must hold that plaintiff, under the agreed statement, was entitled to recover of defendant the full contract price of the lumber sold. The defendant agreed to pay the plaintiff a stipulated sum of money for a carload of lumber of a certain

description delivered by the usual means of transportation at St. Joseph, Missouri. The lumber was so delivered, and defendant went into the possession thereof. This was more than enough to justify a suit for goods sold and delivered. In order to sustain that action the burden does not rest upon the vendor to show both *receipt and acceptance* by the vendee. After receiving the goods the vendee may object to them on account of quality and quantity, as failing to fill the terms of the contract. And if he act in due season the vendee may for these reasons rescind the contract. Story on Sales [4 Ed.] sec. 408, *et seq.* As said by Mr. Tiedeman in his work on sales, section 112: "Until acceptance of the goods, the buyer is at liberty to take exception to the quality, character or quantity of the goods delivered, and reject them on that account. But proof of *acceptance* is not necessary for the transfer of the title, and in order to throw the risk of loss on the buyer. The vendor may recover for goods sold and delivered, as well as for goods bargained and sold, without proving any actual acceptance." "In an action for goods sold and delivered, if the plaintiff proves a delivery at the place agreed, and that there remained nothing further for him to do, he need not show an acceptance by the defendant." *Nichols v. Morse,* 100 Mass. 523.

The authorities are in some confusion as to the proper measure of damages recoverable by the vendor, when the vendee refuses to receive and pay for goods contracted for. Some hold, as contended for by the defendant in this case, that the sole and only damage to be recovered is the difference between the contract price and market value at the time and place of delivery; while others announce the rule to be, that, "when the vendor has actually taken all the steps necessary to vest the title of goods purchased in the

vendee, he may sue for the value of the goods, and the rule of damages would be the contract price. And that where he is ready and willing to perform, and offers to do so, but the vendee refuses to receive the goods, the vendor has his right of action on the contract for his damages, even though the title to the goods is not vested in the vendee." But the damages in the latter case are said to be the difference between the contract price, as agreed upon, and the price as fixed by the contract of sale.

The doctrine announced in *Dustin v. McAndrew*, 44 N. Y., is quite uniformly adhered to by judges and text-writers, to-wit: That "the vendor of personal property in a suit against the vendee for not taking and paying for the property has his choice of either one of three methods of indemnifying himself: *First*, he may store or retain the property for the vendee, and sue him for the entire purchase price; *second*, he may sell the property, acting as the agent of the vendee, and recover the difference between the contract price and the price obtained on such resale; or, *third*, he may keep the property as his own, and recover the difference between the market price at the time and place of delivery, and the contract price." Field on Damages, sec. 299; 2 Sedgwick on Damages [8 Ed.] sec. 750; 3 Parsons on Contracts, 208; Story on Sales, sec. 403; *Dobbins v. Edmonds*, 18 Mo. App. 307, and authorities cited; *Anderson v. Frank*, 45 Mo. App. 486.

In pursuance of the general drift of these authorities, if the vendor take the goods contracted for by the vendee and tender them at the time and place agreed upon, then, although the vendee may decline to receive them and pay therefor, the vendor may store the goods for the vendee at the point of delivery, or may for that

matter hold them for the use and order of the vendee, and recover the contract price.

But in order to sustain plaintiff's right of recovery in the case at bar we are not compelled to go that far. Here the goods were taken in pursuance of the contract to the place, and were in fact delivered to the vendee, and said vendee received the same into his custody and control. Clearly then the lumber was sold and delivered to the defendant, and it became liable for the contract price, unless for some reason not appearing on this record there was some defense to plaintiff's claim. In our opinion then the trial court erred in sustaining a demurrer to plaintiff's evidence.

The judgment, therefore, will be reversed and the cause remanded for a new trial. All concur.