CROWN VINEGAR AND SPICE COMPANY, Appellant, v. H. WEHRS, Respondent.

St. Louis Court of Appeals, November 20, 1894.

Sales: REMEDIES OF VENDOR. If the vendee of personal property wrongfully refuses to receive it on due tender thereof to him, the vendor may set it aside for him and maintain an action for the full purchase price.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*J. Hugo Grimm* for appellant.

The measure of damages in this case was not the difference between the contract price and the market value, as decided by the trial court, but was the contract price of the property, $120. This court has frequently so held. *Dobbins v. Edmonds,* 18 Mo. App. 307; *Barrie v. Seidel,* 30 Mo. App. 559–562; *Anderson v. Frank,* 45 Mo. App. 486; *Ozark L. Co. v. Chicago L. Co.,* 51 Mo. App. 555; *Stumpf v. Mueller,* 17 Mo. App. 289.

*Theodore Rassieur* for respondent.

In an action for goods sold and delivered, proof of a mere executory agreement to sell is not sufficient. *Brink v. Railroad*, 23 Iowa, 473; *Sackett v. Lowell*, 32 Me. 164; *Schutz v. Jordan*, 141 U. S. 213. But if the statement in this case be regarded as an action for damages for breach of an executory contract, then plaintiff ·has made out no case against defendant. In an action for breach of an executory contract of sale, plaintiff can only recover the difference between the contract price and the market value at the time of delivery. *Kingsland & F. Co. v. St. Louis, etc., Co.*, 29 Mo. App. 526; *Rickey v. Tenbroeck*, 63 Mo. 563; *Gaibout v. Clark*, 24 Mo. App. 426; *Black River L. Co. v. Warner*, 93 Mo. 374; 5 Am. and Eng. Encyclopedia of Law, p. 30; 21 Am. and Eng. Encyclopedia of Law, pp. 578–582; Benjamin on Sales, sec. 758; Story on Sales, sec. 438; 2 Addison on Contracts, star p. 951. Having failed to show actual damage, plaintiff is entitled to nominal damages only. *Gaibout v. Clark*, 24 Mo. App. 426.

ROMBAUER, P. J.—The plaintiff, by its authorized agent, entered into a contract with the defendant which is evidenced by the following bought and sold note:

"January 7, 1891.

"We herewith agree to furnish you with 50 grain white wine vinegar, free from assit, and guaranteed strictly pure, at 10 cents per gallon true (*sic*) the year 1891, not less than 25 barrels to be taken.

"Sold by F. C. Fender and bought by H. Wehrs."

The plaintiff was ready and willing to deliver the twenty-five barrels of vinegar at any time within the

year 1891, but the defendant declined to take them. At the close of the year 1891, the plaintiff drew off, and set apart for the defendant's use, twenty-five barrels of vinegar of the quality sold (a barrel being a measure commercially known as containing a certain quantity), and was then and has ever since been ready to deliver the same to the defendant upon demand. The defendant still declining to receive the goods, the plaintiff sued him for the purchase price before a justice of the peace, giving the defendant credit for $2.50 by merchandise. The defendant filed no counterclaim. On the trial of the cause before the circuit court on appeal, the plaintiff gave evidence showing the above facts. At the close of such evidence the court instructed the jury that the plaintiff could not recover, whereupon the plaintiff took a nonsuit, and, after an unsuccessful effort to set the same aside, it brings the case here by appeal.

It is evident that the trial court was of the opinion, that upon breach of an executory contract of sale, the vendor's measure of damages is limited to the difference between the contract price and the market value of the goods at the time when the vendee was bound to receive them. As there was no evidence of such difference in this case, the court was of opinion that the plaintiff was not entitled to recover at all. We need not discuss the question which was mooted upon the argument here, whether in that view of the law, and under the statement and evidence, the plaintiff would not have been entitled to recover nominal damages at least, because we are of opinion that the view of the law entertained by the court was not correct, and hence the plaintiff is entitled to relief on more substantial grounds.

In *Dobbins v. Edmonds*, 18 Mo. App. 307, Judge PHILLIPS, delivering the opinion of the Kansas City

court of appeals, approved of the rule established in some of the commercial states of the union, that one of the remedies of the vendor in such a case is to treat the contract as complete, and sue the vendee for the purchase price, storing the goods sold for the vendee. He stated, in effect, that no valid reason exists for making a difference between an executory sale of goods and an executory contract for the performance of personal services, and that it was always held in this state that the employee may recover the full contract price of his services upon tender of performance. *Pond v. Wyman*, 15 Mo. 183; *Nearns v. Harbert*, 25 Mo. 352; *Steinberg v. Gebhart*, 41 Mo. 520. The rule had been stated prior to that time by us in *Stumpf v. Mueller*, 17 Mo. App. 283, and we have indicated in *Anderson v. Frank*, 45 Mo. App. 482, our adherence to it.

It will appear on reflection that this rule is a just one, both to the vendor and vendee. The aim of the law is compensation and a practical way to secure it. To establish the market value of the goods by a resale puts the vendor to additional inconvenience, for which the law gives him no compensation, and very often results in a serious loss to the vendee, particularly in cases where there is no ready market at the place of delivery. What possible harm can there be in holding parties to the performance of their contracts deliberately entered into. It is done daily in contracts touching the sale of real estate, and there can be no difference in principle, whether the property be real or personal. Where the vendor, as in the present case, is at the same time the manufacturer of the goods, he probably has manufactured the goods in reliance upon sales for future delivery already made, and suffers unavoidable loss, for which the law furnishes him no compensation, unless he can enforce the sale in the manner above stated.

We are referred by respondent to *Gaibout v. Clark*, 24 Mo. App. 426; and *Kingsland and Ferguson Company v. St. Louis M. & I. Co.*, 29 Mo. App. 526, as throwing doubt on the correctness of the rule above stated. Counsel seems to have been misled by the *syllabus* in the *Gaibout case*, which is erroneous. Counsel has also overlooked the fact, that in the *Kingsland case* the contract was entire for the manufacture of a certain quantity of castings; that the vendee repudiated the contract before all the castings were made, and that the court instructed the jury that the vendor was entitled to recover the entire contract price for the castings already made, and for those which the vendor *would have made* but for the vendee's repudiation of the contract. The judgment was reversed on the sole ground that this instruction was erroneous. Nor is there anything in *Rickey v. Tenbroeck*, 63 Mo. 563, which is opposed to this view. There the vendor had resold the property, and claimed the loss sustained on resale. The court merely decides that this is a proper method for ascertaining his damages, but does not decide that it is his only remedy.

In *Black River Lumber Company v. Warner*, 93 Mo. 374, Judge BLACK, after stating the rule adopted in many states, namely, "that the vendor, having tendered the goods and done all the contract requires him to do, may treat them as the property of the vendee, hold them for him, and subject to his order, and recover the contract price," adds: "This rule, in its broad sense, has not met the approval of some courts, nor are we prepared to say it should be applied in cases of sales of ordinary goods, wares and merchandise." But he also adds: "This case does not call for the expression of an opinion upon that question;" thus conceding that, while the court does not pass on

the question one way or the other, his own remarks on the subject are mere *obiter dicta*.

There is, therefore, nothing in any of the decisions of the supreme court opposed to the rule as stated by us in *Stumpf v. Mueller*, and by the Kansas City court of appeals in *Dobbins v. Edmonds, supra*, and as that rule has been followed by us since, and is, in our opinion, a just rule, we are not prepared to recede from it, unless by following it we are brought in direct conflict with the supreme court.

Judgment reversed, and cause remanded. All concur.