JAMES WALKER *et al.*, Respondents, v. J. H. NIXON, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Executory Sales:** REMEDIES OF VENDOR. The vendor in an executory contract for the manufacture and sale of personal property—in this case the contract was for a suit of clothes—may, upon its breach by the vendee, tender full performance, and, upon the failure of the vendee to accept the tender, treat the contract as complete and sue for the full purchase price.

*Appeal from the Greene Circuit Court.*—HON. JAS. T. NEVILLE, Judge.

AFFIRMED.

*Wright & Lovan* and *James R. Vaughan* for appellant.

*Rathbun & Son* for respondents.

BOND, J.—This action is for $55 as the alleged purchase price of a dress suit manufactured for defend-

ant. It was begun before a justice of the peace, where plaintiffs had judgment; and, upon an appeal to the circuit court, judgment was again rendered in favor of plaintiffs, from which this appeal is taken.

On the trial plaintiffs gave evidence that the suit was made according to measurements taken for a business suit ordered by defendant at the same time, the cost of the two suits to be $95; that $40 of said sum had been paid to them upon the delivery of the business suit; that the suit in question was changed in process of manufacture to suit the wishes of defendant, so that there should be six pockets in the coat, six in the vest, and five in the pants, and a fullness over the hips; that these alterations were required by defendant, as he said, to enable him to carry his books, cases of medicine, etc., while wearing the suit; that, if these articles were placed in the receptacles provided for them in the suit, it would fit defendant; that, when so made, it was sent to defendant, who kept it ten days or two weeks, and returned it to plaintiffs, who then offered to make it fit to his satisfaction, but that he refused to allow them to do so; and that they kept the suit subject to his order since.

Defendant testified that the clothes did not fit, and that he gave plaintiffs sufficient opportunity to make a fit, but that they did not succeed, and he returned the suit. The court sitting as a jury made a finding of facts upon which it based its judgment for plaintiffs. In these the court stated that the contract for the purchase of the suit at the price named by plaintiffs in their statement was made by the defendant, who paid no part of the price; that the suit was tried on prior to its completion for the purpose of being fitted, both at plaintiffs' place of business and defendant's place of business; that it was seen not to fit; that it was not made to fit, however, because defendant would not

give plaintiffs an opportunity to make the necessary alterations and changes; and that the particular alteration in one of the sleeves was made by defendant's suggestion.

It is insisted by appellant that, under the foregoing findings of fact, there could have been no recovery for plaintiffs. This is a mistake; for the law is that the vendor in an executory contract for the manufacture and sale of personal property, upon its breach by the vendee, may tender full performance, and, upon the failure of the vendee to accept such tender, may treat the contract as complete, and sue for the full purchase price. *Crown Vinegar and Spice Company v. Wehrs,* 59 Mo. App. 495, 496.

The trial court by its findings of fact held, in effect, that the contract for the manufacture of the suit was made as alleged in plaintiffs' statement; that it was broken by defendant; that plaintiffs tendered full performance, which was refused by defendant, wherefore plaintiffs were entitled to sue upon the contract and recover the purchase price. As this was in accordance with the rule above stated, the court did not err in refusing the declarations of law requested by defendant to the contrary, and rendering judgment for plaintiffs. As the evidence amply sustains the findings of the court, the judgment herein will be affirmed. It is so ordered. All concur.