WEBER MOTOR CAR COMPANY, Appellant, v. E. MASON ROBERTS, Respondent.

St. Louis Court of Appeals. Opinion Filed February 3, 1920.

1   **SALES: Breach by Vendee: Remedies of Vendor: Measure of Damages.** Upon the refusal of a buyer to accept personal property which he has contracted to purchase from the vendor, the vendor has the choice of three remedies: First, the vendor may, if the contract has been so far performed by him that the property is ready for delivery before he has notice of the buyer's intention to decline acceptance, treat the property as belonging to the buyer, hold it after tender, subject to the latter's order, and recover the full agreed price; second, the vendor may sell the property for the buyer's account as 'his agent, taking the requisite steps to protect the latter's interest and obtain the best price available, and then recover the difference between the proceeds of the sale and the agreed price; and, third, the vendor may treat the sale as ended by the buyer's default or refusal to accept the goods

and treat the property as his and recover the actual loss sustained, which is ordinarily the difference between the agreed price and the market price.

2. ————: ————: ————: **Vendor Holding Automobile for Vendee Must be Ready to Deliver.** The vendor of an automobile having elected to sue for the contract price, etc., it was incumbent on it to tender to the defendant the type of automobile contracted for, and upon refusal of defendant to accept, it was further incumbent on plaintiff to hold an automobile at least of like kind so as to be ready upon the payment of the purchase price either voluntarily or involuntarily to deliver same to defendant, and it was not sufficient, where vendor had none of the type sold on hand at the time of the trial, to show that in the event defendant paid the purchase price it was able to obtain an automobile of the type contracted for within thirty days thereafter.

3. ————: ————: ————: **Vendor Entitled to Recover Interest on Purchase Price and Reasonable Costs and Expenses.** A vendor of an automobile which the vendee refused to accept and which it elected to hold for the buyer and sue for the purchase price, in addition to the purchase price, it was entitled to recover interest on same from the time of vendee's wrongful refusal to accept the automobile, and it could also recover whatever reasonable costs and expenses that it could show it had necessarily incurred in taking care of the automobile which it was holding for the use and benefit of the vendee.

4. ————: ————: ————: **Damages: Vendor Unable to Deliver Automobile: Not Entitled to Nominal Damages.** Where the vendor of an automobile elected to sue for the purchase price, etc., it was a part of plaintiff's cause of action to show, not only that it tendered to the vendee an automobile of the type contracted for, but also that it was at the time of the trial ready, able, and willing then to deliver to the defendant the said character of automobile, and having failed to do so, it failed to show a material part of its cause of action; hence the court did not err in taking the case from the jury.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. William T. Jones,* Judge.

AFFIRMED.

*Henry E. Haas* and *John B. Dempsey* for appellant.

(1) Under the decisions of this, and other States, plaintiff had its election to tender full performance of the contract and upon default by the defendant to sue him for the contract or purchase price. Huddy on Automobiles (5 Ed.), sec. 869; Williston on Sales, sec.

562; Campbell v. Woods, 122 Mo. App. 719; Walker v. Nixon, 65 Mo. App. 326; Crown Vinegar and Spice Co. v. Wehrs, 59 Mo. App. 493; Dobbins v. Edmonds, 18 Mo. App. 307; Ozark Lumber Co. v. Chicago Lumber Co., 51 Mo. App. 555; Bement v. Smith, 15 Wendell's Reports, 493; Hunter v. Wetsell, 84 N. Y. 549; Shawhan v. Van Nest, 25 Ohio St. 490; Hayden v. Demets, 53 N. Y. 426; Ballentine v. Robinson, 46 Pa. St. 177. Where the contract is silent as to the place of delivery, it is the presumed intention of the parties that the vendor's place of business shall be the place of delivery and a tender there is good. Tiffany on Sales, sec. 99; Williston on Sales, sec. 449; Benjamin's Principles of Sales (2 Ed.), Rule 32; Smith v. Shell, 82 Mo. 215; Dunn v. McClintock, 64 Mo. App. 193; 2 Greenleaf on Evidence (Redfield Ed.), sec. 609; Hunt on Tender, secs. 310 and 312. Where the buyer absents himself from the seller's place of business so that an actual tender cannot be made there, none is required to be made, and a notice to the defendant was all sufficient. In the instant case, however, plaintiff made two actual and four constructive tenders. Lawson on Contracts (2 Ed.), sec. 438; Bell v. Hatfield, 2 L. R. A. (N. S.) 529, and case note; Kauffman v. Raeder, 108 Fed. 171; Roth v. Continental Wire Co., 94 Mo. App. 236; Kingsland v. Iron Co., 29 Mo. App. 526; Enterprise Soap Works v. Sayers, 55 Mo. App. 25; Stumpf v. Mueller, 17 Mo. App. 283, 290. (2) Unlike a tender of money, a tender of personal property does not have to be kept good. It is sufficient if the vendor has the capacity to perform his contract. Readiness and willingness, coupled with an ability to perform, is enough. Hunt on Tender, sec. 353; Garrard v. Zacharial, 1 Stew. (Ala.) 272; Comstock v. Lager, 78 Mo. App. 390, 394; Thompson v. Dickerson, 68 Mo. App. 535; Benjamin's Principles of Sales (2 Ed.), pp., 136, 137, and cases cited; Clark v. Weis, 87 Ill. 441; Smith v. Lewis, 26 Conn. 119; Lawrence v. Miller, 86 N. Y. 131; Eddy v. Davis, 116 N. Y. 247; Nelson v. Plimpton Fireproof Elevating Co., 55 N. Y. 480, 484; Berry v. Nall et al., 54 Ala.

446, 454. (3) The trial court was in error in supposing that plaintiff could not maintain an action for the purchase price unless the title had passed to the defendant. That theory has been exploded and it is now quite well settled that in an action for the purchase price the title is not involved. National Cash Register Co. v. Dehn, 139 Mich. 406; Ideal Cash Register Co. v. Zunino, 39 Misc. (N. Y.) 311; Gray v. Booth, 64 N. Y. App. Div. 231; National Cash Register Co. v. Hill, 136 N. Car. 272, reported with case note in 68 L. R. A. 100; Marvin Safe Co. v. Emanuel, 21 Abbott's New Cases (N. Y.) 181; White v. Solomon, 164 Mass. 516; Forbes Piano Co. v. Wilson, 144 Ala. 586; Root v. Lord, 23 Vt. 568; Tufts v. Wynne & Thompson, 45 Mo. App. 42; McJilton v. Smizer, 18 Mo. 111. As pointed out by Alton B. Parker, J., it is, at most, a "mere fiction of the law" resorted to for the purpose of measuring the damages. Moore v. Potter, 87 Hun, (94 N. Y. Supreme) 334, afterwards followed by the Appellate Court in Moore v. Potter, 155 N. Y. 481. Indeed, the title could not pass to the defendant until he paid the purchase price, since that is a condition precedent. Frazier v. Railroad, 104 Mo. App. 355; Johnson-Brinkman Commission Co. v. Railroad, 72 Mo. App. 437; Johnston v. Parrott & Barnes, 92 Mo. App. 199; Hall & Robinson v. Railroad, 50 Mo. App. 179; 10 L. R. A. 314, and case note. (4) In accordance with the ancient theory, that the vendor could not maintain an action for the purchase price unless the title to the thing tendered had passed to the vendee, the trial court seemed to think that it was incumbent upon the plaintiff to set apart and hold for the use of the defendant some specific machine. It is axiomatic, however, that when the reason for a rule ceases so does the rule. Since the defendant refused to receive any specific machine, and, inasmuch as the question of title was not involved, this was not required. McCormick Harvesting Machine Co. v. Markert, 107 Iowa, 340, 343; Ganson v. Madigan, 9 Wis. 146; Coit and Woolsey v. Houston, 3 Johnson's Cases, 243; Johnson v. Baird, 3 Blackford's Reports (Ind.), pp. 153 and 182; Williams v.

Triplett, 3 Iowa, 518. Moreover, the defendant did not buy any particular machine, but bought a certain model, of which there were, and are, many duplicates. The rule respecting fungible things is, therefore, applicable, namely, that where articles are sold from an ascertained lot, identical in kind and value, a selection and separation is not necessary in order to sustain the plaintiff's cause of action. See Title "Fungible Things," Black's Law Dictionary; Kingman v. Holmquist, 36 Kan. 735, 59 Amer. Reports 604; Newhall v. Langdon, 39 Ohio St. 87, 48 Amer. Reports 426; Case Note in 12 Amer. Dec. 700; Chapman v. Shepherd, 39 Conn. 413; Hamilton v. Clark, 25 Mo. App. 428, 438. (5) Where a vendor makes a valid tender of personal property and the vendee wrongfully refuses to receive it, the vendor's responsibility thereafter is that of trustee, or bailee, for the vendee, but he is not required to make delivery, either actual or constructive, unless and until the vendee makes a subsequent demand and pays the purchase price. Hunt on Tender, secs. 353 and 439; Hayden v. Demets, 53 N. Y. 426, 431; Coit v. Houston, 3 Johnson's Cases, 243, 258; Lamb v. Lathrop, 13 Wendell's Reports 95; Games v. Manning, 2 Greene's Reports 251, 254; Conn v. Gano, 1 Ohio St. 223. And in that event the vendor is entitled to a reasonable opportunity to meet the demand. Hunt on Tender, secs. 439 and 440; 28 Amer. & Eng. Ency. of Law (2 Ed.), 42; Strafford v. Welch, 59 N. H. 46, 48; Town v. Trow, 24 Pick. (Mass.) 168, 171. And what is a reasonable time in the circumstances of the case is for a jury to say. Logan v. Carroll, 72 Mo. App. 613. (6) In any view of the case the trial court committed error in taking the case from the jury for that the plaintiff was entitled, at the least, to nominal damages. This is so because the law presumes damages as an incident to the breach of every contract. Plaintiff proved a contract and its breach, and according to all the authorities was entitled to damages in one sum or another. Sutherland on Damages (4 Ed.), secs. 9, 10 and 11; Halliday & Co. v. Lesh, 85 Mo. App.

285; Crown Vinegar and Spice Co. v. Wehrs, 59 Mo. App. 493, 495; Fulkerson v. Eads, 19 Mo. App. 620; Barrie v. Seidel, 30 Mo. App. 559, 563; Middleton v. Moore, 36 Mo. App. 627; Dulaney v. Sugar Co., 42 Mo. App. 659; Weber v Squier 51 Mo. App. 601; Lampert v. Drug Co., 119 Mo. App. 693, 699; Jones v. Haseltine, 124 Mo. App. 674; Tracy v. Buchanan, 167 Mo. App. 432, 151 S. W. 747; King v. City of St. Louis, 250 Mo. 501, l. c. 513; Jones v. Hannovan, 55 Mo. 462; 5 Ency. Plead. & Prac., p. 738. Nominal damages are awarded not as compensation for any injury, but merely in recognition of the plaintiff's right and its technical infraction by the defendant. And they serve "as a peg to hang costs on." 8 Amer. & Eng. Ency. of Law (2 Ed.), p. 553; Lawson on Contracts (2 Ed.), sec. 478; 5 Ency. Plead & Prac., 738; Hancock v. Hubbell, 71 Cal. 537.

*Frumberg & Russell, McLaran & Garesche* and *E. H. Wayman* for respondent.

(1) The question of title is not involved in this case and the lower court neither so supposed nor held. (2) Neither did the lower court hold that it was essential to the success of appellant's case that it should set aside and hold "a specific" automobile for respondent up to the day of trial, in the sense that it was necessary to set apart a particular automobile and mark it with respondent's name. But the success of appellant's case was held to depend upon the present ability of appellant to deliver an automobile of the kind specified in the contract, whether a specific automobile or one of a number on hand being immaterial. (3) The sole question presented by this appeal is one of election of remedies and of appellant being bound by all the conditions its election imposes. Upon breach by the vendee of a contract for the purchase of personalty, the vendor has his election of any one of three remedies: 1. He may store or retain the property, treating it the same as though it belonged to vendee and sue for the contract

price; 2. He may sell the property as the agent of the vendee and recover the difference between the sale price and the contract price; or 3. He may retain the property as his own and sue for the difference between the market price and the contract price. McJilton v. Smizer, 18 Mo. 111; Crown Vinegar & Spice Co. v. Wehrs, 59 Mo. App. 493; Dobbins v. Edmonds, 18 Mo. App. 307; Barrie v. Seidel, 30 Mo. App. 559; Anderson v. Frank, 45 Mo. App. 482; Ozark Lumber Company v. Chicago Lbr. Co., 51 Mo. App. 555; Ozark Co. v. Mercantile Co., 120 Mo. App. 438; Oehler v. Schopp Fruit Co., 162 Mo. App., 446; Campbell v. Woods, 122 Mo. App. 719; Koenig v. Boat Mfg. Company, 155 Mo. App. 685; Produce Co. v. Commission Company, 189 Mo. App. 658. The appellant, by suing for the entire contract price, made its election. The evidence shows that, at the time of the trial, it had sold the automobile it intended to deliver to respondent, and was not, at that time, ready and able to deliver to respondent an automobile of the kind contracted for and upon appellant's own showing it would have been error for the court to have either directed or permitted a verdict in its favor.

BIGGS, C.—This is an action for the purchase price of one Studebaker six automobile, touring car type, 1914 model.

Plaintiff's amended petition charges, that on the 24th day of September, 1913, the defendant contracted and agreed in writing to purchase the automobile referred to for the sum of $1570; that plaintiff has tendered full performance of its part of the contract, and has ever been ready, willing and able to deliver said automobile upon payment of the purchase price, and has offered to do so, but that the defendant has refused and neglected to accept and pay for same; that the plaintiff is holding the said automobile for the use of the defendant and subject to his order, and is ready, willing and able to deliver the same to him at and for the price agreed upon.

Judgment is asked for the full price of the automobile, less the sum of $100 paid on account at the time the contract was entered into.

The answer is a general denial and also a counterclaim, but inasmuch as this counterclaim was dismissed by defendant at the conclusion of the plaintiff's testimony it is out of the case.

Upon a trial the court sustained a demurrer to plaintiff's evidence, whereupon the plaintiff took an involuntary non-suit, and after an unavailing motion to set same aside has brought the case here, contending that the court erred in its view of the law as applied to the facts, and that the evidence as submitted by the plaintiff made a case for the jury.

There is no controversy over the facts, the appeal presenting merely a question of law, and that question is this: Whether in the sale of chattels where the buyer has refused to accept the goods and the seller thereupon chooses to hold the buyer to the contract and sets aside the goods for the use of the buyer and sues for the contract price, is it a necessary part of plaintiff's cause of action to show that at the time of the trial he still has in his possession or under his immediate control the specific article sold or one of like kind for immediate delivery to the buyer; or is it sufficient for the seller to merely show that while he hasn't immediate possession of such article, he is able thereafter within a reasonable time to acquire such an article and deliver same to the buyer upon payment of the judgment for the purchase price?

The evidence disclosed that after the contract was made in September, 1913, and which contract provided that the automobile was to be delivered to the defendant as soon as possible, the plaintiff thereafter on December 8, 1913, notified the defendant that the car was ready for delivery and was at its place of business in the city of St. Louis. Plaintiff does not manufacture automobiles, but handles the Studebaker make of cars and buys them from the Studebaker Company of De-

troit, Michigan. At the time the defendant went to the plaintiff's place of business and looked at a specific car which was of the type contracted for, and said he would take out the car in the spring. Thereafter in the spring of 1914, the defendant was again notified and brought his wife; they looked the car over again, and he stated that he would take it out shortly. He was again asked to take the car in June of 1914, but failed to do so. This suit was instituted in November, 1914, and the evidence shows that the plaintiff had on hand for delivery to the defendant a car of the type sold the defendant at all times from December 8, 1913, to the month of July, 1915, at which time the plaintiff had disposed of all of its Studebaker automobiles of the 1914 model. The cause was tried below in February, 1917, and at that time the plaintiff did not have in its possession for the purpose of delivery to the defendant a car of the type and model covered by the contract.

The president of the plaintiff corporation, however, testified that while they were not at the day of the trial in a position to deliver to defendant a 1914 model Studebaker automobile, that he thought a car of that type could be delivered by his company in thirty days, stating he had information from the Studebaker Company that they can deliver him a car within thirty days to fill this order.

The learned trial judge was of the opinion that the plaintiff could not recover the contract price under these facts.

In a learned and exhaustive brief, plaintiff's counsel contend that because of the defendant's default in the first instance, plaintiff is now entitled to a reasonable time to make delivery after the defendant pays the purchase price and after he makes a subsequent demand for an automobile; that the plaintiff was ready once to deliver the automobile, and that it can get ready again, but that there is no need to get ready the second time unless and until the defendant pays the purchase price, either voluntarily or involuntarily, and signifies his in-

tention to accept what he contracted for. Plaintiff's counsel has referred us to many authorities from other jurisdictions, all of which we have examined, but none directly involve the question under consideration.

It will not be necessary to review these authorities, as we think on reason and under the Missouri cases hereafter referred to, the question involved must be determined against the plaintiff.

It is well settled by a long line of decisions in this State that upon the refusal of a buyer to accept personal property which he has contracted to purchase from the vendor, the vendor has the choice of three remedies. First, the vendor may, if the contract has been so far performed by him that the property is ready for delivery before he has notice of the buyer's intention to decline acceptance, treat the property as belonging to the buyer, hold it after tender, subject to the latter's order, and recover the full agreed price; second, the vendor may sell the property for the buyer's account as his agent, taking the requisite steps to protect the latter's interest and obtain the best price available, and then recover the difference between the proceeds of the sale and the agreed price; and third, the vendor may treat the sale as ended by the buyer's default or refusal to accept the goods and treat the property as his and recover the actual loss sustained, which is ordinarily the difference between the agreed price and the market price. [Crown Vinegar Co. v. Wehrs, 59 Mo. App. 493; Black River Lumber Co. v. Warner, 93 Mo. 374; 6 S. W. 210; Dobbins v. Edmonds, 18 Mo. App. 307; Ozark Lumber Co. v. Chicago Lumber Co., 51 Mo. App. 555; Walker v. Nixon, 65 Mo. App. 326; Koenig v. Truscott Boat Co., 155 Mo. App. 685; 135 S. W. 514; Campbell v. Woods, 122 Mo. App. 719, 99 S. W. 468; St. Louis Range Co. v. Kline Mercantile Co., 120 Mo. App. 438, 96 S. W. 1040; Oehler v. Fruit Co., 162 Mo. App. 446, 142 S. W. 811.]

In the case of Oehler v. Fruit Company, supra, this Court, through NORTONI, J., reviewed the Missouri cases, and held the foregoing modes of redress are open

to the seller when the vendee has breached the contract of sale and refused to accept the goods, and that the rule is not confined to the case of manufactured articles alone, but also to articles of merchandise which are staple and have a market value. This Court in the Oehler case allowed the seller to sue for the contract price of apples. In this case the defendant purchased all of plaintiff's apples contained in two orchards, which were as much as 2½ inches in diameter. Upon the apples being tendered and refused, the plaintiff sued for the full contract price, alleging that she stood ready and willing at all times to comply with the contract by delivering the apples. The defendant contended that the plaintiff could not recover the full contract price because of the fact that the evidence showed that she had used the identical apples and converted them to her own use after they had been refused by the defendant. In disposing of this contention, Judge NORTONI, said, l. c. 459:

"But it is said the instruction on the measure of damages was erroneous for the reason it appears defendant used the identical apples and converted them to her own use thereafter. If such were the fact, of course, the rule of compensation would be the difference between the market value of such apples as plaintiff used and the contract price."

This Court held the proof in that case did not show that the plaintiff had used the apples, but the intimation is clear, that if such was the fact, then the plaintiff could not recover the full contract price, but only the difference between the market price and the contract price. In other words, it was incumbent on the plaintiff to hold the apples for the benefit of the defendant.

The plaintiff has adopted the first of the remedies above set forth, and is suing for the contract price. Having chosen that remedy it was incumbent on it to tender to the defendant the type of automobile contracted for, which the evidence clearly shows was done, and upon refusal of the defendant to accept, it was

further incumbent on the plaintiff to hold not necessarily the particular automobile of 1914 type for the use of the defendant, but at least an automobile of like kind so as to be ready upon the payment of the purchase price, either voluntarily or involuntarily, to deliver same to defendant.

It will be noted upon reading the authorities above where in those cases the plaintiff has chosen to sue for the contract price that the court has invariably laid down the rule that in such cases it is the duty of the plaintiff where the buyer has declined acceptance of the property, to treat the property as belonging to the buyer and hold it for his benefit, either in his actual possession, or in some one else's possession where it can be obtained by the plaintiff for delivery to the defendant, as for instance in a storage warehouse.

The plaintiff did not do this, but sold all of the 1914 types of Studebaker automobiles that it had, and at the time of the trial was not then able to make delivery. All the plaintiff could do in the event defendant paid the price, was to obtain an automobile of the type contracted for within thirty days, and this fact was not an absolute certainty, for the plaintiff's president says in his testimony: "I think the car can be delivered in thirty days," and that he has information from the Studebaker Company which manufactures the automobiles of that type that they can deliver a car within thirty days. This is not a certainty by any means, as the Studebaker Company might wilfully refuse or may be unable to so deliver the car, and as suggested by counsel for defendant at the trial, the factory of the Studebaker Company may burn down.

We think under the foregoing decisions and upon reason that the plaintiff having chosen this mode of redress it was incumbent upon it to have an automobile of the type called for by the contract, either in its possession, or where it could be obtained without delay for the purpose of turning over to the defendant at such time as he voluntarily or involuntarily paid the pur-

Weber Motor Car Co. v. Roberts.

chase price. The plaintiff was not bound to choose this remedy, but if it thought or was advised that this was the only remedy that would give to it adequate compensation and redress, it could have asked in addition to the purchase price interest on the same from the time of the defendant's wrongful refusal to accept the property, and it could also recover whatever reasonable costs and expenses that it could show it had necessarily incurred in taking care of the automobile which it was holding for the use and benefit of the defendant. The fact, as contended by plaintiff's counsel, that such a method would have been more detrimental to the defendant than the one adopted, is not a sufficient answer, as this is a matter of defendant's concern, and because of the fact that the automobile in the event it had been kept on hand or stored for defendant's use would have become lessened in value and would in fact have become a second-hand car, would not have excused defendant or have been a matter that he could have set up in defense of the action.

The plaintiff contends that in any event the Court erred in granting the peremptory instruction, as it was clearly entitled in any event to nominal damages. If this were a case where the plaintiff had alleged a breach of contract and had proven such but had failed merely in showing the character of its damage, or in the event no damage had been shown, then plaintiff would be right in its contention and would be entitled to an instruction for nominal damages, but in the manner in which this suit was brought it was clearly a part of plaintiff's cause of action to show not only that it tendered to defendant an automobile of the type contracted for, but also that it was at the time of the trial ready, able and willing to then deliver to the defendant the said character of automobile. It having failed to do so, it failed to show a material part of its cause of action, hence the Court did not err in taking the case from the jury.

It follows from what is herein said that the judgment should be affirmed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the Court. The judgment of the Circuit Court is accordingly affirmed. *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.