## MILLS & EXPORTS CO. v. FLEISCHMAN et al.
### No. 12625.

District Court, E. D. Missouri, E. D.
Nov. 9, 1938.

---

[1] So in original enrolled Act. Should read "similar or other."

Thompson, Mitchell, Thompson & Young and Charles Spence, all of St. Louis, Mo., for plaintiff.

Louis Mayer and Irl Rosenblum, both of St. Louis, Mo., for defendant.

COLLET, District Judge.

Defendants' motions to dismiss, to strike portions of the petition and to make more definite and certain were consolidated in one motion.

The motion to dismiss is based upon the ground that "the complaint fails to state a claim against defendants upon which relief can be granted."

The petition is for damages for breach of a contract to purchase eight carloads of pipe fittings called "protectors" at a price of $57.50 per net ton. It is alleged that shipments were to be made upon shipping instructions to be furnished by defendant and were to be completed by February 28, 1938. Payments were to be made for the amount shipped at the time of shipment by telegraph. Plaintiff repeatedly notified defendants that shipments were ready to be made and requested shipping instructions but defendants failed to give such instructions. Because of the failure of defendants to give shipping instructions no shipments were made. The petition then alleges: "Fifth: In reliance upon the contract, and for the purpose of fulfilling same, the plaintiff acquired or arranged to acquire eight (8) carloads of said pipe protectors at the average price to it of $30.00 per ton, and could have furnished said protectors to defendants at a cost to it not in excess of $30.00 per ton and at a profit to it of $27.50 per ton. The quantity of pipe protectors specified in the contract, eight (8) carloads, would have weighed approximately 330 tons, and the purchase price under the contract would have been $18,975. The profit to plaintiff would have been $9,075."

The motion to dismiss is overruled. It is definitely established as the law in Missouri that where goods contracted for are manufactured and ready for delivery before notice of refusal to receive them is received by the seller, that the seller has the option of following one of three courses: "he may treat the property as belonging to the buyer, hold it subject to the latter's order, and recover the full agreed price; or he may sell it for the buyer's account, taking the requisite steps to protect the latter's interest, and get the best price obtainable, and then recover the difference between the proceeds of the sale and the agreed price; or he may treat the sale as ended by the buyer's default and the property as his (the seller's), and recover the actual loss sustained, which is

ordinarily the difference between the agreed price and the market price." St. Louis Steel Range Co. v. Kline-Drummond M. Co., 120 Mo.App. 438, 96 S.W. 1040, loc. cit. 1042.

The underlying principle upon which these remedies are based is stated in the same opinion in the following language: "The guiding principle of the law in cases arising on breaches of contracts for the sales of personal property is to give the aggrieved party the benefit of his contract by putting him in as favorable a condition as he would have enjoyed if the other party had performed, instead of violating, his agreement; in other words, to afford full indemnity for the breach. All other rules, including the one relating to the difference between the agreed and the market value of the thing sold, are but corollaries of this one, used to apply the principle of it to the different classes of cases which occur."

Obviously, the petition in this case demonstrates an election by plaintiff to treat the property as its own and recover its loss for the breach. Defendants assert that the damages laid in Paragraph Five, above quoted, are not properly measured and that instead of being entitled to the difference between the cost of acquiring the pipe protectors and the contract price, plaintiff is entitled to recover, if at all, the difference between the contract price and the market value, which is not and must be alleged.

While the difference between the contract price and market value is adopted as the proper measure of damages in many cases including the following, Moran Bolt & Nut Mfg. Co. v. St. Louis Car Co., 210 Mo. 715, 109 S.W. 47; Brown v. Trinidad Asphalt Mfg. Co., 210 Mo. 260, 109 S.W. 22; Weber Motor Car Co. v. Roberts, 203 Mo.App. 509, 219 S.W. 994; Berger Mfg. Co. v. Phillips Hotel Operating Co., Mo.App., 89 S.W.2d 703; the facts of those cases were such that the most accurate method of fairly ascertaining the loss was to use market value as the criterion.

Measuring loss or damage by the difference between market value and contract price is but a method of determining that fact, not exclusive, and not to be followed when a better method is available. For instance, in some cases the commodity has no market value making the ascertainment of damages impossible by that method. Or in some instances the seller may have purchased the commodity at a price exceeding or less than the market value in which event the use of market value as the basis of calculating the loss would be unfair to either one or the other of the parties and would not accomplish the object of the law which is to put the seller in the condition he would have occupied—no better or no worse—had the contract not been broken.

It is apparent from what has been said above that it is not necessary in all cases where plaintiff is treating the property as his own that he use market value as a criterion and allege that value. Neither is it necessary that plaintiff allege the absence of market value when a better means of accurately ascertaining the loss occasioned by the breach exists. In this case the petition alleges that the pipe protectors were purchased subsequent to the execution of the contract for the purpose of carrying it out. The difference between that cost plus expenses and the contract price will, under the facts, furnish a proper measure of damages.

The motion to strike Paragraph Five on the ground that it does not state a claim against defendants upon which relief can be granted is overruled for the reason assigned for overruling the motion to dismiss.

The motion to make more definite and certain requests that plaintiff be required to state the time when the pipe protectors were actually acquired or arrangements made therefor and the amounts of pipe protectors acquired or arranged for. The time when the purchase or arrangement therefor was made may or may not become material as an evidentiary fact but it is not essential to a definite statement of the cause of action. If information as to what plaintiff's evidence may be is desired, a proper method for obtaining that information is now available to defendant.

The amount purchased or arranged for is definitely stated in the petition. The motion to make more definite and certain should therefore be overruled.

Defendant will be allowed ten days from notice of the formal order overruling its motions, to plead.